the petition does not show any reason why petitioner did not have knowledge of its written contract; and (4) that the petition does not show that the assured was bankrupt at the time of the accident.

The right of an insurer to be immune from claims under a policy of insurance is a "right" which the insurer may have declared under the Declaratory Judgment Act, provided a valid "controversy" exists as to the insured's liability. Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F. 2d 261; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

Under the above decisions, the petition alleges sufficient facts to establish a prima facie case for relief by declaratory judgment. The facts which Respondent refers to in the petition for a more specific statement of the action all by inference relate to the merits of the case and are all matters which should be set up affirmatively in an answer on the merits. If these allegations are set up affirmatively in an answer on the merits, any issues of fact may then be submitted to a jury under sub-section (3) of the Act, 28 U.S.C.A. § 400(3).

And now, this 7th day of September, 1938, the petition for a more specific statement and for additional facts is dismissed and the rule granted thereon is discharged. Petitioner is allowed fifteen days from the date of this order to file an answer on the merits.

Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for libelant.

Bogle, Bogle & Gates, of Seattle, Wash., for claimant and respondents.

BOWEN, District Judge.

Action for cargo damage. Exceptions to amended libel.

The cause of action of the amended libel is predicated upon alleged wrongful on-deck stowage contrary to any stowage right of the carrier under a contract of carriage alleged to be a "clean bill of lading" calling for under-deck stowage. But libelant's stipulation setting forth a copy of the bill of lading amends the amended libel by showing from the bill of lading itself that " * * * the right to carry said merchandise on deck or under deck * * *" is expressly reserved to the carrier (see first un-numbered paragraph on back of bill of lading, attached to stipulation).

**THE PETER HELMS.**

**EVERETT PULP & PAPER CO. v. McCORMICK S. S. CO.**

**No. 13888.**

District Court, W. D. Washington, N. D.

Sept. 2, 1938.

Thus by a term of the carriage contract the carrier reserved the right, to which the shipper assented by accepting the bill of lading, to, at carrier's option, stow the cargo on deck. No contract, right or duty, other than that contained in the bill of lading, is alleged. The bill of lading here is not "a clean bill of lading", within the ruling of the St. Johns Case, St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral Commercial do Rio de

Janeiro, 263 U.S. 119, 44 S.Ct. 30, 68 L. Ed. 201, requiring under-deck stowage where the carriage contract, following a previous preliminary contract between the parties granting an option, is silent as to the place of stowage, because here, instead of remaining silent on the question, the bill of lading, constituting the only disclosed agreement, preliminary or otherwise, between the parties, expressly provides for either on-deck or under-deck stowage. The parties may lawfully stipulate for on-deck stowage (Davidson v. Flood Bros., 9 Cir., 30 F.2d 279), and they did so, in this case. By stowing on deck, the carrier only did what, by the express terms of the contract, it had the stipulated right to do.

Since the bill of lading relating to place of stowage negatives the allegations of the amended libel on that point, claimant's Exception II will be sustained.

Without the allegation disclosing the carrier's duty to stow under deck, the amended libel does not sufficiently state a cause of action, and so claimant's Exception I will also be sustained.

The foregoing sufficiently disposes of the matter without a ruling upon the remaining exceptions.

An order may be settled upon notice or stipulation.

## LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA v. REDDING et al.
### No. 2061.

District Court, W. D. Oklahoma.
July 22, 1938.

Raymond G. Brown, of Oklahoma City, Okl., and Hal Crouch, of Tulsa, Okl., for complainant.

T. Austin Gavin, of Tulsa, Okl., for respondent Catherine Redding.

Lynn Adams, of Oklahoma City, Okl., for respondent Catherine Whiteside.

VAUGHT, District Judge.

The complainant in its bill alleges that on the 5th of September, 1936, it issued its ordinary automobile liability insurance policy to one Robert M. Whiteside, now deceased; that some four months after his death, the automobile covered by the above-mentioned policy, while being driven by Catherine Whiteside and in which Catherine Redding was riding as a guest, was involved in an accident in which Catherine Redding received painful injuries; that thereafter, Catherine Redding filed a suit in the District Court of Tulsa County, Oklahoma, for the recovery of damages against Catherine Whiteside; that thereupon, demand was made upon the complainant to investigate the accident and defend Catherine Whiteside in said damage suit and, if judgment went against it, to pay said judgment up to the limit provided in the policy.