## GIVAUDAN DELAWANNA, Inc. v. THE BLIJDENDIJK et al.

United States District Court
S. D. New York.

June 8, 1950.

664

Hill, Rivkins & Middleton, New York City, proctors for libelant. John J. Killea, New York City, advocate.

Burlingham, Veeder, Clark & Hupper, New York City, proctors for respondent. Herbert M. Lord, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

This suit is for damage to a shipment of Java citronella oil originating in Java and moving from Rotterdam to New York on respondent's ship, the S. S. Blijdendijk. Libelant alleges that the drums of oil were wrongly carried on deck by the respondent; that they should have been stowed under deck; and that as a result the shipment was "short, slack and seriously damaged and impaired in value".

Respondent's answer to the libel alleges a right to carry the goods on deck by a provision in the bill of lading covering the shipment (Article 5) and by custom (Article 11). It further alleges in Articles 11 and 12 that it is not responsible because notice of claim was not given in accordance with clause 24 of the bill of lading and suit was not instituted within six months as required by that clause. Respondent also pleaded a limitation-of-liability clause in the bill of lading (Article 13).

Libelant has excepted to the foregoing Articles and also to certain interrogatories served on it by the respondent.

Clause 5 of respondent's bill of lading provides as follows: "The vessel has the right to carry goods on deck at shipper's risk."

Libelant alleges that this clause is invalid since the bill of lading was a "clean" bill of lading which implied under deck stowage, and that libelant, an innocent purchaser of the bill of lading for value, had no notice that the oil was stored on deck.

Considerable difficulty has been occasioned by the use of the term "clean" bill of lading, due in all probability to the fact that the term has two meanings, one broad and one narrow. Broadly speaking, a "clean" bill of lading is one which contains nothing written, stamped or printed in the margin qualifying the words of the bill of lading itself. The Isla de Panay, 2 Cir., 1923, 292 F. 723, 730; Roberts & Co. v. Calmar S. S. Corp., D.C.E.D.Pa.1945, 59

F.Supp. 203, 209; 1 Bouv. Law Dict., Rawle's Third Division, p. 358. In the narrower sense, where a bill of lading with no qualifying words in the margin *and* with no provision in the bill of lading itself as to the manner of stowage is used, the import of such "clean" bill of lading is that goods are to be secured under deck. St. Johns, N. F. Shipping Corporation Owner v. S. A. Companhia Geral Commercial do Rio de Janerio, 1923, 263 U.S. 119, 44 S. Ct. 30, 68 L.Ed. 201; Roberts & Co. v. Calmar S. S. Corp., supra, D.C.E.D.Pa.1945, 59 F.Supp. at page 209; The Kirkhill, 4 Cir., 1900, 99 F. 575; Propeller Niagara v. Cordes, 1858, 21 How. 7, 62 U.S. 7, 16 L.Ed. 41.

It is conceded that the bill of lading issued in this case was "clean" in the broader sense, that is, nothing was printed or noted in the margin. However, libelant seeks to make the broader usage of a "clean" bill of lading synonymous with its narrower usage and thereby establish that under deck stowage was implied by this bill of lading; and therefore it concludes that the clause permitting on deck stowage was invalid.

A "clean" bill of lading cannot import under deck stowage except in the absence of a specific provision as to stowage. As it is stated in Bouv. Law Dict., at p. 358: "Under a 'clean' bill of lading in the usual form (viz., *one having no stipulation that the goods shipped are to be carried on deck),* there is a contract implied that the goods shall be carried under the deck; * * *." (Emphasis added.)

And in the case of Propeller Niagara v. Cordes, supra: "A clean bill of lading, in general, imports, unless the contrary appear on its face, that the goods are to be safely and properly secured under deck." 21 How. at page 23, 62 U.S. at page 23, 16 L.Ed. 41.

In the case of The Peter Helms, D.C. W.D.Wash.1938, 24 F.Supp. 461, the Court had the identical problem as in this case. There was a clause printed on the back of the bill of lading to the effect that "* * * the right to carry said mer-

666

chandise on deck or under deck * * * is expressly reserved to the carrier."

The Court held that provision valid stating: "The bill of lading here is not 'a clean bill of lading', within the ruling of the St. Johns Case, * * * 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201, requiring under deck stowage where the carriage contract, following a previous preliminary contract between the parties granting an option, is silent as to the place of stowage, because here, instead of remaining silent on the question, the bill of lading, constituting the only disclosed agreement * * * between the parties, expressly provides for either on-deck or under-deck stowage. The parties may lawfully stipulate for on-deck stowage, * * * and they did so, in this case. By stowing on deck, the carrier only did what, by the express terms of the contract, it had the stipulated right to do." 24 F.Supp. at pages 461-462.

This decision was tacitly approved by the Court in the case of American Tobacco Co. v. Katingo Hadjipatera, D.C.S.D.N.Y.1948, 81 F.Supp. 438, at page 448, wherein a bill of lading giving a qualified or provisional right to stow on deck was distinguished from a bill of lading giving the carrier an unqualified right to stow on deck.

■ Libelant claims, however, that it is an innocent purchaser for value of the bill of lading and not the shipper. The purchaser takes the bill subject to all provisions on its face. The Idefjord, 2 Cir., 1940, 114 F.2d 262, certiorari denied, 1940, 311 U.S. 707, 61 S.Ct. 175, 85 L.Ed. 459. That is the very reason why the Court of Appeals for this Circuit in the Idefjord case, supra, held that issuance of a "clean" bill of lading with no provision for stowage at the commencement of a voyage does not permit a change to on deck carriage in transit by agreement between the shipper and the carrier since this is a deviation from the terms of the original contract of carriage, which had passed in the form of a bill of lading into the hands of innocent purchasers with no notice of the change.

The rationale of that decision was undoubtedly the same as that in the St. Johns case, supra. In that case the shipper and carrier had entered into a preliminary agreement that goods could be carried "on or under deck, ship's option". However, when the goods were loaded, "clean" bills with no endorsement or provision concerning stowage were issued. The Supreme Court held that the issuance of "clean" bills was the exercise of an option to stow the goods under deck. The decision was without doubt an attempt to preclude the circulation of "clean" bills which would be qualified by a separate agreement between the carrier and shipper of which the trade and innocent purchasers would have no notice.

■ In this case the unqualified right to store on deck was granted to the carrier on the face of the bill of lading. The purchase of a bill of lading ordinarily constitutes a commercial transaction between experienced businessmen or companies, and they must be held to take with notice of the provisions of the bill. See Note, Contract Clauses in Fine Print, 63 Harv. Law Review 494, 500-501 (1950).

Even assuming this to be a "clean" bill of lading case, in the narrower sense, it is possible that the respondent could plead custom as permitting on deck stowage. As the Supreme Court said in the St. Johns case, supra, 263 U.S. at page 124, 44 S.Ct. at page 31, 68 L.Ed. 201: "We are not dealing with a case arising under a general port custom permitting above deck stowage notwithstanding a clean bill, with notice of which all shippers are charged. When there is no such custom and no express contract in a form available as evidence, a clean bill of lading imports under deck stowage."

■ Libelant objects strenuously to the pleading of custom because it believes no such custom as alleged by respondent exists. This may be so, but the Court cannot determine what the custom in the trade is as to the stowage of citronella merely from a reading of the affidavits submitted and cases cited by the libelant. That is a matter for the trial court. Furthermore, it is not improbable that the libelant may be permitted to go further and establish that there is a custom which qualifies the right given in the bill of lading to carry goods

on deck at the shipper's risk. For example, the libelant might show that custom requires that "on deck stowage" be stamped on the face of the bill to show that the goods have in fact been so stored, in addition to having merely the right to stow the goods on deck. That seems to be the ground for the decision in The Forthbridge, 1936 A.M.C. 1839.[1] In that case the bill of lading was issued with a clause reading "With privilege to carry goods of all kinds, whether on or under deck." The arbitrator in the case, based on the evidence and testimony, found that custom required that the bill be stamped or endorsed with a notation of the fact of on deck stowage on its face despite the clause granting a right to so carry the goods. In The Peter Helms the Court stated that "No contract, right or duty, *other than that contained in the bill of lading,* is alleged." 24 F.Supp. p. 461.

Here libelant may show a duty arising out of a custom in the trade that requires stamping an endorsement on the face of the bill.

■ These exceptions by libelant to respondent's answer illustrate the hardship placed on the Court when application is made for rulings of the type sought in advance of the trial. A complete and effective determination can only be made after presentation of all the evidence at the trial. Suffice it to say, that the articles in the answer pleading clause 5 of the bill of lading and custom are sufficient at this time. It follows from this holding that the exception to pleading the limitation of liability or valuation clause in the bill of lading, otherwise valid under Sec. 1304(5) of Title 46 U.S.C.A., must also be overruled at this time for the Court cannot now say that respondent deviated from its contract, thereby invalidating the valuation clause in the bill of lading. See The St. Johns N.F. Shipping Corporation, Owner v. S. A. Companhia Geral Commercial do Rio de Janerio, supra, 263 U.S. at page 124, 44 S. Ct. 30, 68 L.Ed. 201; G. W. Sheldon & Co. v. Hamburg Amerikanische, P.-A.-G., 3 Cir., 1928, 28 F.2d 249, 251.

■ In Articles 11 and 12 of the answer, respondent has pleaded clause 24 of its bill of lading which specifies the manner of making claim for loss under the bill of lading and sets a six-month limitation on suit. The bill of lading in this action was subject to the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., since it evidenced a contract for the carriage of goods by sea to or from parts of the United States, in foreign trade. Sec. 1300. Under that Act any clause in a bill of lading relieving the carrier or the ship from liability for loss or damage to the goods, arising from negligence, fault or failure in the duties and obligations provided in the Act, or lessening such liability, is null and void and of no effect. Sec. 1303(8). The Act specifies the manner of making claim and grants a right to bring suit within one year regardless of notice of claim (Sec. 1303(6)), therefore the exception to Articles 11 and 12, insofar as they plead clause 24 of the bill of lading, is sustained. Balfour, Guthrie & Co. v. American-West African Line, 2 Cir., 1943, 136 F.2d 320.

■ The interrogatories propounded by respondent to which libelant excepts pertain mainly to the transportation of the drums of citronella from Java to Rotterdam. The questions are relevant on the issues of the condition of the cargo when picked up at Rotterdam by respondent, the type of bill of lading the goods were originally shipped under, and the customary manner of carrying these goods. The libelant need only answer to the best of its knowledge; if it has no knowledge it can so state. Attention is called to the recent addition to this district court's Admiralty Rules, Rule 46, 28 U.S.C.A., making the liberal rules on discovery provided for by the Federal Rules of Civil Procedure, 28 U.S.C.A., applicable in the manner stated to Admiralty.

Libelant's exception to Articles 11 and 12 is sustained as aforestated; all other exceptions are overruled in accordance with this decision.

Settle order on two days' notice.

---

1. No opinion for publication.