## NASHIWA et al.
### v.
## MATSON NAV. CO.
### No. 440.

United States District Court,
D. Hawaii.
Dec. 24, 1953.

James A. Leavey, Honolulu, Hawaii, for libellants.

Blaisdell & Moore, Honolulu, Hawaii, for respondent.

WIIG, District Judge.

This suit is for damage to a shipment of baking flour originating in Seattle, Washington, and moving to Kahului, Maui, Hawaii, on the respondent's ship, Hawaiian Craftsman. Libellants allege that approximately 1,300 bags of flour were spoiled, contaminated, and made unfit for human consumption, as a result of the negligent and careless handling of the shipment.

Respondent filed exceptions to the libel upon two grounds: (1) that the allegations of negligence and careless handling are mere conclusions of the libellants, unsupported by any averment of facts showing the negligence and the nature of the "alleged spoilage, contamination, and unfitness for human consumption," and (2) that the suit is barred because libellants failed to give written notice

of claim for loss or damage within three days after delivery, required by respondent's bill of lading as a condition precedent to the shipowner's liability.

 Although it appears that it has become customary in cargo loss and damage cases to plead on the theory of a tort, merely alleging that the cargo was delivered to the carrier in good condition and redelivered by the carrier in a damaged condition, nevertheless, when the carrier excepts to the use of such general terms, the exception may be treated as a motion to make a more definite statement. The facts should be stated showing the particular acts of negligence which produced the injury when they are known to the libellant, and if such facts are not known, it should be so stated. However, the libellants are in a position to allege the condition of the damaged property in order to give the respondent notice of the condition of the goods. Therefore, in connection with this exception, the Court will direct the libellants to amend their libel by adding allegations of fact within their knowledge as to how and when the damage to the flour occurred, and the nature of the alleged spoilage, contamination, and unfitness for human consumption, with sufficient detail as to permit respondent to meet the proof offered to sustain the claim. The amendment will be filed within ten days from the date hereof.

 The bill of lading in this suit is subject to the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq. That act provides that any clause in a bill of lading relieving the carrier from liability for loss or damage to the goods arising from negligence, fault, or failure in the duties and obligations provided in the Act, or lessening such liability, shall be null and void and of no effect. Section 1303(8). Section 1303(6) provides that failure to give "notice of loss or damage" shall not prejudice the right of the shipper to bring suit within one year after delivery of the goods. The provisions contained in the bill of lading attempting to bar this suit on the ground that no written notice of claim was presented to the carrier within three days after delivery of the goods come within the purview of Section 1303(8), and are therefore null and void and of no effect. An analogous situation is found in Balfour, Guthrie & Co. v. American-West African Line, 2 Cir., 136 F.2d 320, in which it was held that failure to file a written claim of loss required in the bill of lading did not prejudice the right of the shipper to bring suit within one year after the date when the goods should have been delivered. To the same effect, see Givaudan Delawanna v. The Blijdendijk, D.C.S.D.N.Y., 91 F.Supp. 663.

Respondent's exception I is sustained with leave to amend; exception II is overruled. Respondent will be granted ten days within which to plead to the amended libel in the event libellants amend that pleading as herein provided.