**DAVAL STEEL PRODUCTS, A DIVISION OF FRANCOSTEEL CORPORATION, Plaintiff,**

v.

**M/V ACADIA FOREST, her engines, boilers, etc.; Atlantic Lash Carriers Inc.; and Lash Carriers Inc., Defendants.**

**No. 86 Civ. 8296 (MBM).**

United States District Court, S.D. New York.

April 15, 1988.

John A.V. Nicoletti, and James Sweeney, Donovan, Maloof Walsh & Repetto, New York City, for plaintiff.

Peter Skoufalos, Chalos English & Brown, New York City, for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff sued for damage to its shipment of steel products that allegedly occurred during a voyage on defendants' vessel, M/V Acadia Forest, from Antwerp, Belgium to New Orleans. Defendants interposed defenses based on the $500 per package liability limitation contained in one clause of the bill of lading, as authorized by the Carriage of Goods by Sea Act ("COGSA"), specifically 46 U.S.C.App. § 1304(5)[1]. Now before the Court are plaintiff's motion to strike those defenses, and defendants' cross-motion for summary judgment applying the limitation, both brought pursuant to Rule 56, Fed.R.Civ.P. *See, Ciprari v. Servicos Aereos Cruzeiro,* 245 F.Supp. 819 (S.D.N.Y.1965), *aff'd,* 359 F.2d 855 (2d Cir.1966). An earlier motion by plaintiff pursuant to Rule 12(f), Fed.R. Civ.P., to strike the defenses here at issue was denied by Judge Sand in February

1987 on the ground that a factual inquiry was necessary to determine the intent of the parties, and therefore Rule 12(f), which limits inquiry to the pleadings, was insufficient to the task. The parties have now conducted that inquiry and laid the results, such as they are, before the Court. For the reasons set forth below, plaintiff's motion to strike is granted; defendants' cross-motion is denied.

The defenses at issue are based on Clause 10 of the bill of lading, which provides that if damage to the shipment exceeds $500 per package or other customary freight unit, "the value of the goods shall be deemed to be $500 per package or per customary freight unit" unless a higher value is declared and extra freight paid, if necessary. Although that clause does not mention COGSA specifically, it seems plain that the clause refers to the $500 per package limitation provided by 46 U.S.C.App. § 1304(5); plaintiff has suggested no other plausible reference.

Plaintiff bases its motion to strike on Clause 3 of the bill of lading, the so-called Clause Paramount, which reads as follows:

This bill of lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, or if this bill of lading is issued in a locality where there is in force a Carriage of Goods by Sea Act or ordinance or statute of a similar nature to the International Convention for the Unification of Certain Rules Melating [*sic*] to Bills of Lading date [*sic*] at Brussels, August 1924, it is subject to the provisions of such act, ordinance or statute and rule, [*sic*] thereto annexed.

Plaintiff reasons that because the bill of lading was issued in Belgium, where there

---

**1.** To the extent relevant, 46 U.S.C.App. § 1304(5) provides as follows: "Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if

embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed: *Provided,* That such maximum shall not be less than the figure above named. In no event shall the carrier be liable for more than the amount of damage actually sustained."

was in force the International Convention for the Unification of Certain Rules Relating to Bills of Lading (the "Hague Rules"), the Visby Amendments thereto and the SDR Protocol, 6 *Benedict on Admiralty* 1–11, 1–30 and 1–32.4 (7th ed. 1988) (collectively the "Hague/Visby Rules"), the per package limitations of the Hague/Visby Rules, which exceed those under COGSA, govern.

By contrast, defendant argues that the reference to the Hague Rules does not necessarily include the Visby Amendments, and was intended to apply only to shipments that would not be governed by COGSA. Since all foreign shipments to or from United States ports are governed by COGSA, 46 U.S.C.App. §§ 1300, 1312, the defendant is arguing as a practical matter that the clause in question was intended to apply only to intra-European shipments, or to shipments between Europe and ports not in the United States.

When Judge Sand denied plaintiff's earlier motion to strike, he wrote that seeking the intent of the parties with respect to a barely legible standard form replete with typographical errors was a "fictional pursuit." (Mem.End. at 2) That description could not have been more apt if he had read the affidavits and depositions generated in the year of discovery that followed his brief opinion. Thus plaintiff, in support of its motion, has submitted the affidavit of the manager of the company that acted as its freight forwarder, who does not claim to have read and relied on the clause at issue but says only that because the shipment originated in Belgium, and because he knows that Belgium has adopted the Hague/Visby Rules, he has concluded that "the Hague/Visby Rules will automatically and compulsorily be applicable."

Defendants, on the other hand, set out to determine who drafted the bill of lading here at issue, and otherwise to determine the defendants' intent in using it. From the affidavits and deposition transcripts submitted, it would seem that most of the bill of lading originated with the New York law firm of Burlingham, Underwood & Lord ("BU & L") acting as counsel to International Navigation, Ltd. ("INL"), a prior charterer of the Acadia Forest. The INL executive who so avers says also that the Acadia Forest was engaged exclusively in trade between Europe and the United States—*i.e.*, trade that would be governed by COGSA—and thus offers no justification whatever for the inclusion of a clause meant to apply only to shipments that would not be governed by COGSA.

A BU & L partner who apparently participated in drafting the INL bill of lading, recalls that he did not draft the Clause 3 that eventually found its way into the document. Rather, at some time after 1971 he incorporated the Clause Paramount from a bill of lading used by Central Gulf Lines ("CGL"), an entity related to defendants, because that was the carrier then operating the vessel.

The search for the draftsman of the Clause Paramount in the CGL bill of lading carried the parties to the New Orleans law firm of Jones, Walter, Waechter, Poitevent, Carrere & Denegre, and then ran aground. A partner at that firm involved in drafting the CGL bill of lading averred that, as one might expect of a carrier's lawyer, it was always his intent "to limit the carrier's liability to the greatest extent allowed by the applicable law," which he says means that COGSA applies. But this affiant is unable to state with certainty that he, rather than another of the more than 20 lawyers in the Maritime Section of his firm, in fact drafted the clause at issue, or to give any satisfactory explanation for why the clause refers to the Hague/Visby Rules when the vessel and the defendants at all relevant times operated only between Europe and the United States—*i.e.*, on a route governed by COGSA.[2] In sum, the clause

**2.** COGSA itself may provide a clue to why Clause 3 reads as it does. The statute requires that the Clause Paramount recite that the bill of lading shall have effect subject to its provisions. 46 U.S.C.App. § 1312. But this requirement extends only to bills of lading issued in connection with shipments *from* United States ports, *id.*, notwithstanding that COGSA applies to shipments both to and from United States ports. 46 U.S.C.App. §§ 1300, 1312. It may be that the carrier wished to comply with COGSA only to the extent necessary by providing that COGSA

at issue seems less to have been drafted than to have accumulated.

As noted above, although COGSA governs the bill of lading here at issue, that statute explicitly permits shippers and carriers to raise the shipper's liability by contract above $500 per package. 46 U.S. C.App. § 1304(5). Like all bills of lading, the one at issue here is a contract, and one whose terms are determined by the carrier. G. Gilmore & C. Black, *The Law of Admiralty*, at 186 (2d ed. 1975). The contractual rule that ambiguities, if any, are to be construed against the party proffering the contract is fully applicable to bills of lading. *Navieros Oceanikos, S.A. v. S.T. Mobil Trader*, 554 F.2d 43, 47 (2d Cir.1977). Further, the language in Clause 3 to the effect that the bill of lading is "subject to" COGSA or the Hague/Visby Rules, depending on where it is issued, has the effect of incorporating into the bill of lading by reference the relevant body of rules. *Watermill Export, Inc. v. M/V Ponce*, 506 F.Supp. 612 (S.D.N.Y.1981).

The bill of lading here having been issued in a jurisdiction where the Hague/Visby Rules apply, it calls for incorporation of the higher per package limitation contained in those rules. To the extent that there is any ambiguity whatever in the bill of lading, there is every reason to construe it against the defendants who are the parties responsible for proffering it.

Defendants have urged that to apply the Hague/Visby Rules in this fashion because of their incorporation in the Clause Paramount would be to overlook reference to COGSA elsewhere in the bill of lading, and thus to offend the canon of construction that requires all provisions of a contract to be read and applied harmoniously, if possible. I disagree. There is no offense to any canon of construction in reading the bill of lading clauses that refer to COGSA as applying when COGSA itself applies, but not when it doesn't.

Moreover, defendants have argued that even if the Hague Rules apply, the Visby Amendments, which have never been ratified by the United States, do not. They cite *Sunds Defibrator, Inc. v. M/V Atlantic Star*, 1986 AMC 368 (S.D.N.Y.1983) [Available on WESTLAW, 1983 WL 1569]. Nothing in *Sunds* compels the result urged by defendants. That case construed a bill of lading clause that referred only to the Hague Rules and not, as does the clause here at issue, to "rules, thereto annexed." Therefore, Judge Leval read the clause as referring only to the Hague Rules, and not to the Visby Amendments. Here, where the clause refers to the Hague Rules and takes as its point of reference law applicable in the jurisdiction where the bill of lading was issued, there is every reason to read "rules, thereto annexed" as including the Visby Amendments, which have been adopted in Belgium. *See supra* p. 446. Moreover, to the extent the defendants have suggested that it is against public policy to apply the Visby Amendments or the Hague/Visby Rules, either because the Visby Amendments have not been ratified by the United States or because COGSA applies to all shipments to United States ports, that argument overlooks what defendants elsewhere concede—that it is a contract with which we are dealing, and one whose liability limitations COGSA permits the parties to set at any level above $500 per package. 46 U.S.C.App. § 1304(5). This they may do by incorporating any document or standard they choose, whether or not it comes from a source ratified by the United States, or is of their own or someone else's creation.

Plaintiff's motion to strike defenses is granted; defendants' cross-motion for summary judgment is denied.

SO ORDERED.

---

would not apply if the bill of lading was issued in a jurisdiction where a statute other than COGSA was in effect. That provision would seem to limit the statement on the bill of lading strictly to what the statute requires—a statement applicable to "a contract for the carriage of goods by sea *from* ports of the United States." 46 U.S.C.App. § 1312. (emphasis added)