**WILLIAM H. McGEE & CO. a/s/o Lucky Goldstar International, Plaintiff,**

v.

**M/V MING PLENTY, et al., Defendants.**

No. 5:95–CV–0390.

United States District Court,
S.D. New York.

Dec. 27, 1995.

James F. Campise, Kenneth R. Feit, Ralph R. Hochberg, Randolph H. Donatelli, New York City, for plaintiff.

## ORDER

GRIESA, Chief Judge.

The Report and Recommendation issued by Magistrate Judge Peck, dated June 7, 1995, is approved.

SO ORDERED:

*REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

## TO THE HONORABLE THOMAS P. GRIESA:

Plaintiff William H. McGee & Co. ("McGee"), the insurer of the manufacturer of four machines, sued several shipping companies for damage to the machines while in transit from South Korea to New York. Defendant Kenney Transport, Inc. ("Kenney USA") was dismissed, and McGee filed an amended complaint adding a new defendant, Kenney Transport (Korea) Ltd. ("Kenney Korea"). McGee now moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike several of defendant Kenney Korea's affirmative defenses: the first (shipment is subject to all the terms of the Bill of Lading, including limitation of liability); fourth (Bill of Lading's nine-month statute of limitations bars this action); fifth (the one-year statute of limitations in the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300 et seq. (1994), bars this action); and sixth (damages are limited to $500 under COGSA).

For the reasons set forth below, I recommend that the Court grant McGee's motion to strike the fourth, fifth and sixth affirmative defenses and to strike in part the first affirmative defense.

### Facts

Kenney Korea issued a Bill of Lading on August 7, 1992 for the carriage of four containers of injection molding machines and accessories for delivery from Korea to New York on the motor vessel "Ming Plenty." ("Plaintiff's 3(g) Statement in Support of its Motion to Strike Affirmative Defenses of Kenney (Korea)" ["Pltf. 3(g)"], ¶ 1; Bill of Lading ["B/L"]; Kenney Korea's 3(g) statement ["Def. 3(g)"], ¶¶ 2, 8.) The Bill of Lading identifies the carrier as "Kenney Transport (Korea), Ltd." in two locations. (B/L.) The Bill of Lading also refers to "Kenney Transport Inc. (JFK Office)," under the heading "for delivery of goods please apply to." (*Id.*)

The goods arrived in the Port of New York/New Jersey and were received for storage in September of 1992. (Pltf. 3(g), ¶ 8.)

On or about August 25, 1993, McGee sued the Ming Plenty, Kenney USA, Hanjin Shipping Co. Ltd., Randy Scott Corp. and Main Trucking & Rigging Co. (Pltf. 3(g), ¶ 9; Def. 3(g), ¶ 17; Cplt.) Several days later, McGee served an amended complaint. (Def. 3(g), ¶ 18; Affidavit of Ralph H. Hochberg, attorney for defendant Kenney Korea ["Hochberg Aff."], ¶ 3; Amended Cplt.) Neither the complaint nor the amended complaint named Kenney Korea as a defendant. (Hochberg Aff. ¶ 3; Def. 3(g), ¶¶ 17–18; Cplt.; Amended Cplt.)

On November 23, 1993, without leave of Court, McGee filed a Second Amended Complaint, adding Kenney Korea as a defendant. (2d Amended Cplt; Def. 3(g), ¶ 19; Hochberg Aff. ¶ 4.) Magistrate Judge Roberts denied Kenney Korea's motion to strike the Second Amended Complaint and directed Kenney Korea to file an answer. (Order dated September 30, 1994.) Kenney Korea on October 4, 1994 answered and asserted six affirmative defenses, the first, fourth, fifth and sixth of which are the subject of the present motion.

On November 30, 1993, just one week after McGee filed its Second Amended Complaint, defendant Kenney USA moved for summary judgment on the grounds that it was not party to any contract of carriage and had no liability to McGee. (Hochberg Aff. ¶ 5; Def. 3(g), ¶ 21; Affidavit of Donald Kim, president of Kenney USA ["Kim Aff."], ¶ 4). McGee opposed the motion on the ground that Kenney USA acted as a common carrier and was an agent of Kenney Korea. (Hochberg Aff. ¶ 6; Plaintiff's 3(g) Statement in Opposition to Motion for Summary Judgment by Defendant Kenney Transport, Inc. ["Pltf. SJ 3(g)"], ¶¶ 3–5.) In a Report and Recommendation dated February 14, 1994, Magistrate Judge Roberts recommended that McGee be permitted further discovery and the opportunity to supplement its opposition submissions after that discovery. When McGee failed to supplement its submissions, Magistrate Judge Roberts recommended that the Court grant Kenney USA's summary judgment mo-

tion, thereby dismissing Kenney USA as a party. (Report and Recommendation dated October 26, 1994.) No objections to those Reports and Recommendations were filed.

At oral argument on McGee's current motion to strike Kenney Korea's affirmative defenses, McGee's counsel claimed that the drafter of the complaint had been confused as to the relationship between Kenney USA and Kenney Korea, and that was why McGee had failed to name Kenney Korea as a defendant in the original complaint. (5/17/95 Oral Argument Transcript ("Tr.") at 5, 8.) The Court required McGee to submit an affidavit from the drafter of the original complaint to address that assertion. McGee filed the affidavit of James F. Campise, McGee's counsel and drafter of the original complaint. (Affidavit of James F. Campise, dated May 19, 1995 [hereafter "Campise Aff."].) Mr. Campise stated that he sued Kenney USA in the original complaint because: he "misidentified" Kenney USA as the issuer of the Bill of Lading; Kenney USA and Kenney Korea had the same corporate logo, which led him to believe they were part of the same company; and Kenney USA had sent a fax transmission referring to the Bill of Lading as "our company's" Bill of Lading. (Campise Aff. ¶¶ 4–6.)

### ANALYSIS

**I.** *McGee's Motion to Strike Kenney Korea's Fifth Affirmative Defense Should be Granted Because the Second Amended Complaint "Relates Back" to the Filing of the Original Complaint, Before Expiration of the Statute of Limitations*

Kenney Korea's fifth affirmative defense alleges that McGee's claim is time barred because it was not filed within the one-year statute of limitations applicable under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300 et seq. (1994).[1]

Both plaintiff McGee and Kenney Korea agree, and I find, that this action is governed by COGSA. (*See* Section II.A, below.) COGSA provides that suit for loss or damage to shipped goods must be brought within one year of the delivery of the goods. 46 U.S.C.App. § 1303(6).[2] It is undisputed that the goods were delivered to McGee in September 1992, and the Second Amended Complaint naming Kenney Korea as a defendant was not filed until November 23, 1993, more than one year later.

McGee claims, however, that the Second Amended Complaint is not time barred as to Kenney Korea because it "relates back" to the filing of the original complaint against Kenney USA in August 1993, which was within the one year COGSA limitations period. McGee relies on Federal Rule of Civil Procedure 15(c).

Rule 15(c) provides that when a party is added by an amended complaint, the amended complaint relates back as to that party only when "the claim or defense asserted in the amended pleading arose out of the conduct" set forth in the original pleading, and

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.*

Fed.R.Civ.P. 15(c)(3) (emphasis added). As the Supreme Court summarized in *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986):

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading;

**1.** The fifth affirmative defense reads as follows:

"In the event it is determined that the shipment which is the subject of this action is governed by the provisions of the Carriage of Good[s] by Sea Act, the plaintiff has failed to commence this action with[in] the time period set forth by law, and as a result thereof, the commencement of

this action is barred by the lapse of time." (Answer, ¶ 7.)

**2.** Section 1303(6) provides, in pertinent part, that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods...."

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.[3]

■ All of the *Schiavone* factors were satisfied in this case. The claim against Kenney Korea clearly arises out of the same incident of damage to the shipped machines referred to in the original complaint, thus satisfying the first factor. Kenney Korea received notice of the action within the applicable time period so that it would not be prejudiced in maintaining its defense of the action, satisfying the second factor. The key dispute on this motion is whether McGee has satisfied the third factor, that Kenney Korea "knew of or should have known that, but for a mistake" concerning Kenney Korea's identity, McGee would have commenced this action originally against Kenney Korea.

To satisfy the third *Schiavone* factor, the plaintiff must show both that (i) it made a mistake in not originally naming the defendant who is to be added, and (ii) that the defendant knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. *E.g., Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir.1994) ("[t]he

requirement that a new defendant 'knew' he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity.").

As to the first aspect, whether McGee made a mistake, McGee's counsel and drafter of the complaint, Mr. Campise, asserts in his affidavit that he "misidentified KENNEY (USA) as the issuer of the House to House Bill of Lading and [therefore] failed to file suit against KENNEY (KOREA) in August 1993." (Campise Aff. ¶ 6.) Mr. Campise attributed his confusion to several facts: (1) the Bill of Lading referred to both Kenney USA and Kenney Korea, (2) the two companies have identical corporate logos, and (3) Kenney USA referred to Kenney Korea's Bill of Lading as "our" Bill of Lading in a presuit letter. (*Id.*, ¶¶ 3–5.)

McGee's initial mistake in the naming of Kenney USA rather than Kenney Korea does not rise to the level of "inexcusable neglect" that would require denial of relation back.[4] Kenney Korea and Kenney USA have similar names and use the same corporate logo. Since the Bill of Lading referred to both Kenney Korea and Kenney USA, it is understandable that Mr. Campise could have mistaken them as the same company. (Campise Aff. ¶ 6.) Moreover, McGee added Kenney Korea as a defendant when it realized its mistake just three months later. The Court

3. While Rule 15(c) was amended to avoid a different aspect of *Schiavone*, such changes do not affect the applicability of the *Schiavone* factors to this case:

> Changes in the wording of [Rule 15(c)]—designed to avoid the outcome under *Schiavone*—now provide a slightly revised standard for amendments. Under the revised rule an amended complaint relates back to the time of the original if the new party was aware of the action within 120 days of the filing of the original complaint. As amended, Fed.R.Civ.P. 15(c) continues to retain the old *Schiavone* requirements that a new party (1) receive adequate notice of an action so as not to be prejudiced in maintaining a defense, and (2) knew or should have known that the action would have been brought against it earlier but for a mistake of identity.

*Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1076 (2d Cir.1993) (citations omitted).

4. *Compare, e.g., Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857–58 (9th Cir.1986) (in action involving maritime accident, court held that plaintiff was not "mistaken" where plaintiff was informed of identity of two subsidiaries before the statute ran but only sued parent corporation and did not bring subsidiaries in until after statute had run), *cert. denied*, 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987); *Prince v. Suffolk County Dep't of Health Services*, 89 Civ. 7243, 1995 WL 144782 at *9 (S.D.N.Y.1995) ("courts have denied relation back where a plaintiff is obviously aware of the proposed additional party throughout the litigation, and fails to join that party within the governing statute of limitations."); *Adler v. Berg Harmon Assoc.*, 790 F.Supp. 1235, 1239 (S.D.N.Y.1992) ("There is no suggestion here that the additional [parties to be added] would have been included in the original Complaint 'but for' a mistake of identity."); 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[4] at 15–168 (2d ed. 1995).

finds Mr. Campise's allegation of mistake credible for purposes of relation back.

McGee also must satisfy the second aspect of the *Schiavone* mistake factor, that the defendant knew or should have known that but for a mistake it would have been sued. Kenney Korea knew that it and not Kenney USA actually had issued the Bill of Lading involved in the suit. Moreover, Kenney Korea's President testified that Kenney Korea's own employees confuse the names of the two companies. (Kim Dep. at 52.) Kenney Korea should have known that but for McGee's mistake, Kenney Korea would have been named as a defendant originally.

The misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back.[5] Because McGee has satisfied the requirements for relation back pursuant to Rule 15(c), McGee's action against Kenney Korea is not barred by the statute of limitations. Accordingly, I recommend that McGee's motion to strike Kenney Korea's fifth affirmative defense be granted.

### II. *McGee's Motion to Strike Should Be Granted as to Kenney Korea's Fourth and Sixth Affirmative Defenses, and Granted in Part as to the First Affirmative Defense*

#### A. *The Carriage of Goods by Sea Act*

■ As a registered non-vessel operating common carrier (*see* Def. 3(g) Stmt. ¶ 1),

Kenney Korea is subject to COGSA's terms and conditions.[6] *See Orion Ins. Co. v. M/V Humacao*, 851 F.Supp. 575, 578 (S.D.N.Y. 1994). Further, COGSA extends to all bills of lading which evidence a "contract for the carriage of goods by sea to or from ports of the United States...." 46 U.S.C.App. § 1300. Thus, interpretation of Kenney Korea's Bill of Lading is subject to the provisions of COGSA, and in the event of conflict between the two, COGSA will prevail.[7] Indeed, at oral argument, Kenney Korea's counsel conceded that COGSA is applicable. (Tr. at 26.)

#### B. *Kenney Korea's Fourth Affirmative Defense Should Be Struck Because COGSA's One Year Statute of Limitations Controls Over the Shorter Period in the Bill of Lading*

Kenney Korea's fourth affirmative defense alleges that the nine month statute of limitations provided by the Bill of Lading (¶ 19) bars McGee's action.[8]

The nine-month period in the Bill of Lading is in direct conflict with the one year limitation period provided by COGSA. 46 U.S.C.App. § 1303(6), quoted in footnote 2 above.

■ McGee correctly asserts that the statute of limitations provided for in a bill of

---

5. *See, e.g.*, Notes of Advisory Committee on Rules, 1991 Amendment, Rule 15(c)(3), "If a notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification."; 3 *Moore's Federal Practice* ¶ 15.15[4] at 15–166 & n. 18; *see also, e.g., Ingram v. Kumar*, 585 F.2d 566 (2d Cir.1978) (court allowed amendment of complaint in medical malpractice action where plaintiff mistakenly named the wrong doctor).

6. A non-vessel-operating common carrier is defined as "a common carrier that does not operate the vessels by which the ocean transportation is provided, and is a shipper in its relationship with an ocean common carrier." 46 C.F.R. § 510.2(k) (1993). Magistrate Judge Roberts' October 26, 1994 Report and Recommendation (at page 7) also found Kenney Korea to be a non-vessel operating common carrier, subject to COGSA.

7. *E.g., Sumitomo Corp. of America v. M/V "Sie Kim"*, 632 F.Supp. 824, 834 (S.D.N.Y.1985) ("COGSA renders null and void provisions in bills of lading which purport to limit a carrier's liability for loss or damage arising from 'negligence, fault, or failure in the duties and obligations' specified in [certain COGSA sections]. Contractual provisions not in conflict with COGSA, however, are enforceable."); *see also Givaudan Delawanna, Inc. v. The Blijdendijk*, 91 F.Supp. 663, 667 (S.D.N.Y.1950) (bill of lading's limitation on time to bring suit that is shorter than COGSA limitation period is void).

8. The fourth affirmative defense reads as follows:

"In the event it is determined that the bill of lading issued by answering defendant is applicable, then plaintiff has failed to commence this action within the time period set forth in such bill of lading, and as a result thereof, the commencement of this action is barred by the lapse of time." (Answer, ¶ 6.)

lading subject to COGSA may not be shorter than the one year period provided by COGSA. *E.g., Givaudan Delawanna, Inc. v. The Blijdendijk,* 91 F.Supp. at 667. Further, Kenney Korea conceded in its brief and at oral argument that the applicable limitation period is the one-year period set forth by COGSA. (Kenney Korea's Brief at 2, n. 1; Tr. at 26.)

Thus, I recommend that the Court grant McGee's motion to strike Kenney Korea's fourth affirmative defense.

### C. Kenney Korea's Sixth Affirmative Defense Should be Struck Because COGSA Permits the Parties to Provide in their Bill of Lading for a Maximum Liability Greater Than COGSA's $500 Per Package Limitation, and the Parties Did So Here

Kenney Korea's sixth affirmative defense alleges that McGee's amount of recovery is limited to $500, as provided for by COGSA.[9] The $500 COGSA limitation, however, simply is not applicable.

■ Kenney Korea's Bill of Lading incorporates COGSA by reference to the Hague Rules in its "Clause Paramount" (B/L, ¶ 7), but the Bill of Lading also provides that Kenney Korea's maximum liability shall be no greater than the actual loss sustained or 2 SDRs (Special Drawing Rights) per gross kilo, whichever is less. (B/L, ¶ 8.2–8.3). Where a bill of lading contains a specific contractual limitation which is not contrary to COGSA, such shall prevail over any limitation contained in COGSA that is only gener-

ally incorporated into the bill of lading by a Clause Paramount.[10]

■ COGSA provides for maximum liability of $500 per package, less than the two "Special Drawing Rights" amount provided for in paragraph 8 of Kenney Korea's Bill of Lading, but COGSA also expressly permits the carrier and the shipper to fix a *higher* maximum on liability. 46 U.S.C.App. § 1304(5) (1994).[11] *See also id.* §§ 1300, 1312. The courts in this district have affirmed the principle that shippers and carriers can agree by contract to raise the shipper's maximum liability to an amount exceeding $500 per package. *E.g., Associated Metals & Minerals Corp. v. M/V Arktis Sky,* 1991 A.M.C. 1499, 1505, 1507, 1991 WL 51087, 1991 U.S. Dist. LEXIS 4194 at *13, *16 (S.D.N.Y.1991); *Daval Steel Products v. M/V Acadia Forest,* 683 F.Supp. 444, 447 (S.D.N.Y.1988).

Further, Kenney Korea conceded at oral argument that COGSA's $500 package limitation is not applicable here. (Tr. at 26.)

Accordingly, I recommended that the Court grant McGee's motion to strike the sixth affirmative defense.

### D. Kenney Korea's First Affirmative Defense Should Be Partially Struck to the Extent it Incorporates the Fourth and Sixth Affirmative Defenses

Kenney Korea's first affirmative defense maintains that the shipment is subject to all terms and conditions of the Bill of Lading,

---

9. The sixth affirmative defense reads as follows: "In the event it is determined that the shipment which is the subject of this action is governed by the provisions of the Carriage of Good[s] by Sea Act, and it is determined that plaintiff sustained any loss, the amount of any recovery is limited to $500.00 as provided by law." (Answer, ¶ 8.)

10. *E.g., Insurance Co. of North America v. S/S "Sealand Developer",* 1990 A.M.C. 2967, 2970, 1989 WL 85789, 1989 U.S. Dist. LEXIS 8462 at *7 (S.D.N.Y.1989); *see Mitsui & Co. v. American Export Lines, Inc.,* 636 F.2d 807, 823 (2d Cir. 1981).

11. 46 U.S.C.App. § 1304(5) provides in pertinent part:

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding *$500 per package* lawful money of the United States....

*By agreement* between the carrier, master, or agent of the carrier, and the shipper *another maximum amount than that mentioned in this paragraph may be fixed: Provided, That such maximum shall not be less than the figure above named.* In no event shall the carrier be liable for more than the amount of damage actually sustained.

(Emphasis added.)

"including a limitation of liability as therein set forth."[12]

To the extent that the reference to "limitations of liability" incorporates the nine-month statute of limitations and the claimed $500 per package damages limitation specifically pled in the fourth and sixth affirmative defenses, I recommend that the Court strike that part of Kenney Korea's first affirmative defense, for the reasons discussed above.

McGee's motion to strike the first affirmative defense, however, goes too far. McGee has not presented any reason why Kenney Korea should not be entitled to rely on other provisions of the Bill of Lading. Indeed, McGee's counsel essentially conceded this point at oral argument. (Tr. at 27–28).

I therefore recommend that the Court grant McGee's motion to strike the first affirmative defense in part, to the extent it overlaps with the fourth and sixth affirmative defenses that I have recommended be stricken.

## CONCLUSION

For the reasons set forth above, I recommend that the Court grant McGee's motion to strike the fourth, fifth and sixth affirmative defenses and to strike in part the first affirmative defense.

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Thomas P. Griesa, 500 Pearl Street, Room 1630, and to the chambers of the undersigned, 40 Centre Street, Room 540. Any requests for an extension of time for filing objections must be directed to Judge Griesa. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas*

---

12. The first affirmative defense reads as follows: "The shipment which is the subject of this action was subject to all the terms, conditions and ex-

*v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

DATED: New York, New York
June 7, 1995

ceptions contained in certain bill of lading then and there issued therefore, including a limitation of liability as therein set forth." (Answer, ¶ 3.)