STATE OF MAINE

CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-396

KATHY CAPERTON

      Plaintiff

    v.

BANCROFT CONTRACTING, INC. f/k/a
CIANBRO CORPORATION

and

ELITE CAMERON, INC. and all predecessor
corporations and entities including,
but not limited to SOMERSET TECHNOLOGIES,
INC., and all successor corporations of
Somerset Technologies, Inc. and entities;

and

ELITE CAMERON LTD. and all predecessor
corporations and entities including, but
not limited to CAMERON BEAZER MACHINE
COMPANY, LTD., and all successor corporations of
Cameron Beazer Machine Company, Ltd. and
entities;
        Defendants

**ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

JUL 11 2002

    The matter is before this court on Defendant's motion to dismiss the amended complaint.

*Factual background*

    At some time prior to July 13, 1995, Defendants Elite Cameron Ltd., a successor of Somerset Technologies (Elite) and Elite Cameron Ltd., a successor of Cameron Beazer Machine Company, Ltd. (Elite Ltd.) were engaged in the business of designing, manufacturing, assembling and selling machinery and equipment for

1

industrial use, including winder machines. Prior to July 13, 1995, Elite and Elite Ltd. sold a winder machine, called a "Cameron" (winder machine) to an unknown customer. Prior to July 13, 1995, S.D. Warren Company (S.D. Warren) purchased the winder machine. Defendant Cianbro Corporation (Cianbro) assembled, modified, and installed the winder machine. S.D. Warren hired Defendant Mohlin & Company to act as consulting engineer regarding the assembly, modification and installation of the winder machine. Plaintiff dismissed without prejudice her claim against Mohlin & Company in October 2001.

Plaintiff Kathy Caperton was employed as a papermaker by S.D. Warren. On July 13, 1995, Caperton was using the winder machine in the scope of her employment, when Caperton's right arm was pulled into the machine up to her shoulder and crushed between two rollers. At the time of this accident, the winder machine was being used for the purpose for which it was intended.

On July 13, 2001, Caperton filed suit, alleging: (1) strict liability; (2) negligence against Elite and Elite Ltd.; (3) negligence against Cianbro; (4) negligence against Mohlin. Then, on December 12, 2001, Caperton amended her complaint to counts of: (1) strict liability; (2) negligence against Elite and Elite Ltd.; (3) negligence against Bancroft, and on December 23, 2001, served Bancroft. On January 14, 2002, this court dismissed Cianbro with prejudice on grounds that not Cianbro, but Bancroft had installed the winder machine.

## ARGUMENT

*Statute of limitations*

Bancroft argues that Plaintiff's complaint against it was filed six years and five months after Plaintiff's alleged injury. Bancroft maintains that, since the statute of limitations for strict liability and negligence is six years, pursuant to 14 M.R.S.A. § 752, the complaint is untimely, and should be dismissed.

Caperton contends that when Caperton filed her original complaint in July 2001, she was of the mistaken assumption that Cianbro had installed the winder machine. After reviewing documents at S.D. Warren, Caperton's counsel determined that, although Cianbro had performed modifications to the winder machine after Caperton's injury, Bancroft had actually installed the winder machine. This court granted Caperton an extension to December 31, 2001, to complete service on defendants, since two of the defendant corporations were foreign. Caperton maintains that she timely filed an amended complaint on December 12, and served Bancroft on December 23, 2001.

*Relating back*

Caperton argues that her claims against Bancroft relate back to the date of the original complaint because the claims against Bancroft arose out of the conduct,

transaction, or occurrence set forth in the original complaint, pursuant to M.R.Civ.P. 15(c)(3). Caperton asserts that Bancroft will not be prejudiced and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against Bancroft. Caperton maintains that, since her original complaint was filed July 13, 2001, six years from the date of the accident, Caperton's complaint against Bancroft is timely.

Bancroft replies that Caperton has failed to demonstrate that two of the three requirements set forth in Rule 15(c) have been satisfied. Bancroft does not dispute that (1) the claim against Bancroft arises out of the same occurrence set forth in the original complaint. Bancroft argues, however, (2) that it did not receive notice until summoned on December 23, 2001. Bancroft avers that the affidavit of Bancroft's vice president for human resources shows that Bancroft had no previous notice of the action, nor any prior notice of the incident giving rise to the action, from either Caperton or Caperton's employer, S.D. Warren. Bancroft maintains that the court's enlargement of time to serve Bancroft to December 31, 2001, does not extend the time constraints of Rule 15(c), which require that the new party in an amended complaint receive notice "within the period *provided by Rule 3* " (90 days from the filing of the complaint, M.R.Civ.P. 3(2)). Having no previous knowledge of the claim, Bancroft did not investigate the accident. Bancroft alleges that to have to investigate six and one-half years after the accident's occurrence, (3) would severely prejudice Bancroft's ability to maintain a defense.

*Identity of interest*

Bancroft contends that Caperton's claim against it cannot relate back because Bancroft does not share identity of interest with Cianbro. Since Bancroft is neither a subsidiary nor an alter ego of Cianbro, and Cianbro is in fact Bancroft's competitor, there can be no presumption that Bancroft had knowledge of the pending action through Cianbro. Bancroft maintains that the purpose of the "relation back" rule is to ensure that defendants who have received timely notice cannot take advantage of a formal pleading defect such as a misnomer or misidentification. Here, Bancroft argues, the proper defendant was not before the court in the original complaint. Bancroft maintains that Caperton's failure to timely name the correct defendant within the statute of limitations was due to undue delay and inexcusable neglect, since the documents purporting to establish that Bancroft installed and maintained the winder machine were available to Caperton, in the custody of Caperton's employer, S.D. Warren, at the time of the accident.

Caperton insists that since Bancroft installed the winder machine, it knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have originally been brought against Bancroft in July 2001.

3

# DISCUSSION

*Standard of review*

Civil actions must be commenced within six years after the cause of action accrues. 14 M.R.S.A. § 751. An action may be dismissed if the complaint is not timely filed. M.R.Civ.P. 3 . The cause of action occurred on July 13, 1995, and therefore accrued on July 13, 2001. The claim against Bancroft was filed after the statute of limitations had run, on December 12, 2001.

An amendment of a pleading to change a party relates back to the date of the original pleading if (1) the claim arose out of the occurrence set forth in the original complaint, and (2) within the period provided by M.R.Civ.P. 3, the new party (a) has received such notice of the action that the new party will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party. M.R.Civ.P. 15(c)(3).

There is no dispute that Caperton's amendment to substitute Bancroft for Cianbro is a claim that arose out of the occurrence set forth in her original complaint.

*Relating back*

The United States Supreme Court held in a libel suit, that an amendment substituting a publisher for its publication after limitations period had expired would not relate back. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379. The *Schiavone* Court stated,

> We do not have before us a choice between a 'liberal' approach
> toward Rule 15(c), on the one hand, and a 'technical' interpretation
> of the Rule, on the other hand. The choice, instead, is between
> recognizing or ignoring what the Rule provides in plain language.
> We accept the Rule as meaning what it says. *Schiavone*, at 30, 106 S.Ct. 2379,
> 2384.

"[I]n order for an amendment adding a party to relate back under Rule 15(c) the party to be added must have received notice of the action before the statute of limitations has run." *Schiavone*, at 31, 106 S.Ct., at 2385 (citing 6 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1498, p. 250 (Supp. 1986)). "The linchpin," said the Court, "is notice, and notice within the limitations period." *Schiavone*, at 31, 106 S.Ct., at 2385.

*Mistake in identity exception*

A United States District Court in Illinois found that 1991 revisions to the Federal

4

Rules of Civil Procedure, changed the *Schiavone* result with respect to a misnamed defendant. *Worthington v. Wilson*, 790 F.Supp. 829, 833 (C.D. Ill. 4/27/92). In *Worthington* the court reasoned that *Schiavone* was inconsistent with liberal pleading practices secured by Federal Rule of Civil Procedure 8. *Id.* The *Worthington* court stated that a name-correcting amendment would be allowed, not only within the 120 days specified by Illinois law, but also any additional time *resulting from any extension ordered by the court* pursuant to Illinois law. *Id.* Even in *Worthington*, however, the court found that an amended complaint did not relate back where the amendment did not correct a "mistake," but rather corrected a lack of knowledge at the time of the original complaint. *Id.*, at 835.

The First Circuit has held that a proponent for relating back must show not only that he made a mistake [about] the proper party's identity, but that the later-named party, within the prescribed time limit, *knew or should have known* that, but for this mistake, the action would have been brought against her (emphasis added). *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000). Where the plaintiff in an automobile accident sued the insured, rather than the insured's wife who was actually driving the car at the time of the accident, the Court found that the action related back because the wife timely knew or should have known that the action would have been brought against her. *Id.*

In a similar case, an insurer of the manufacturer of four machines, sued several shipping companies for damage to the machines while in transit from South Korea to New York. *McGee & Co. v. M/V Ming Plenty*, 164 F.R.D. 601. The first defendant party, Kenney Transport, Inc., was dismissed, and the plaintiff amended the complaint to add a new defendant party, Kenney Transport, Ltd. The first party was a common carrier and agent of the later-added party. The plaintiff of the original complaint misidentified the first party as the issuer of the bill of lading because (1) the bill of lading referred to both parties; (2) the two companies had identical logos; (3) the first party had referred to the bill of lading as "our company's" bill of lading. *Id.*, at 605. In *McGee*, the Court found the plaintiff's allegation of mistake credible for purposes of relation back *and* that the later-named party knew or should have known that but for the mistake it would have been sued, since the later-named party knew that it and not the first party had issued the bill of lading, and the company's president testified that the later-named party's own employees confuse the names of the two companies. *Id.* at 606.

Sadly, no facts of misidentification appear in this case.[1] Bancroft states that

---

[1]Unfortunate effects do not mitigate the rule. In a Maine case, the First Circuit affirmed summary judgment for a manufacturer, where a plaintiff had timely filed his complaint against a division of the manufacturer which had no legal entity, but only amended to sue the manufacturer after the limitations period had expired. *Freund v. Fleetwood Enterprises, Inc.*, 956 F.2d 354, 361. When the plaintiff in Freund argued that the court should find an exception, because the Rule worked a hardship [the owner of a recreational vehicle had died as a result of a fire allegedly caused by the manufacturer's product], the court held that it could find no exception because of the untimeliness of the amended complaint. *Id.*

Cianbro is a rival company with no connection to Bancroft. Caperton has presented no evidence to refute this fact. There is no evidence that Bancroft knew or should have known that Cianbro was being timely sued, or that Bancroft had any knowledge of the incident or the suit before being served on December 23, 2001, long past the statute of limitations. Caperton's assumption that Bancroft should have known of the incident is insufficient to refute this fact. Where a plaintiff sued the wrong party, then sought to name another party after the expiration of the statute of limitations, the First Circuit held the addition of the new party by amendment did not relate back. *Wilson v. United States Government*, 23 F.3d 559, 563 (1st Cir. 1994).

Wherefore:

The court has no recourse but to GRANT Defendant Bancroft's MOTION TO DISMISS this complaint as untimely since Bancroft did not receive notice before, nor is there any evidence that Bancroft should have known of the complaint within the six-year statute of limitations.

Roland A. Cole
Justice, Superior Court

6

Date Filed _7-13-01_ _____CUMBERLAND_____ Docket No. _CV01-396_

County

Action ___PERSONAL INJURY_____

KATHY CAPERTON

BANCROFT CONTRACTING CORP.-DISMISSED

~~CIANBRO CORPORATION~~-- DISMISSED

ELITE CAMERON INC.

SOMERSET TECHNOLOGIES INC.

ELITE CAMERON LTD.

CAMERON BEAZER MACHINE COMPANY LTD.

MOHLIN & COMPANY - DISMISSED

vs.

Plaintiff's Attorney

James MacAdam Esq.   772-2220
236 Gannett Drive
So. Portland ME 04106

Defendant's Attorney

~~David L. Herzer, Jr.(Cianbro Corp.)~~
~~P.O. Box 4600~~
~~Portland, Maine 04112-4600~~--

Thomas R. McKeon, Esq. (Elite Cameron)In
465 Congress Street, P.O. Box 9545  & LT
Portland, ME   04112-9545   (207) 774-7474

Christine Kennedy-Jensen, Esq. (Bancroft
P.O. Box 7108
Portland, ME 04112-7108
(207) 774-1486

Date of
Entry