800 F.2d 853
 1987 A.M.C. 1257, 5 Fed.R.Serv.3d 1392
 Gloria Lee Weiss Marmion KILKENNY, As Personal
Representative of the Estate of Matthew Kane
Marmion, Deceased, Plaintiff-Appellant,
v.
ARCO MARINE INC., Arco Tankers Inc., and S.S. Arco Alaska,
Defendants- Appellees.
 No. 85-6404.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1986.
Decided Sept. 19, 1986.
 
 Marvin I. Barish, David L. Lockard, Marvin I. Barish Law Offices Philadelphia, Pa., Arnold J. Wolf, Law Offices of Marvin I. Barish, San Francisco, Cal., for plaintiff-appellant.
 Alan Rubin, Francis MacLaughlin, Lillick, McHose & Charles, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE, FARRIS, and CANBY, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Kilkenny appeals from the district court's dismissal of her amended complaint against Arco Marine, Inc. (Arco Marine) and Arch Tankers, Inc. (Arch Tankers) and entry of summary judgment in favor of Atlantic Richfield Company (Atlantic Richfield). Kilkenny contends that the district court erred in dismissing the amended complaint based on its conclusion that the amended complaint was barred by the relevant statute of limitations because it did not relate back to the date of the filing of her original complaint, and in granting summary judgment because there is a genuine issue of material fact concerning Atlantic Richfield's involvement in the events giving rise to Kilkenny's complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 * On December 26, 1981, Matthew Marmion, a licensed diver employed by a commercial diving company, died as a result of injuries suffered while performing underwater maintenance work on the supertanker Arco Alaska. In November 1982, Kilkenny, the personal representative of Marmion's estate, brought suit in the United States District Court for the Eastern District of Pennsylvania against Atlantic Richfield to recover damages pursuant to the Jones Act, 46 U.S.C. Sec. 688, and general maritime law. Atlantic Richfield answered the complaint, stating that the Arco Alaska was owned by Arch Tankers and operated by Arco Marine. Atlantic Richfield then successfully moved in December 1982 to transfer the case to the United States District Court for the Central District of California.
 
 
 3
 The next month, January 1983, Kilkenny instituted a parallel action in the United States District Court for the Northern District of California, naming Atlantic Richfield, Arco Marine, and Arch Tankers as defendants. This second action was also transferred to the United States District Court for the Central District of California. In March 1984, the district judge assigned the second action dismissed it for lack of prosecution.
 
 
 4
 In January 1985, Atlantic Richfield moved for summary judgment in the first action on the grounds that there was no genuine issue of material fact that it did not own, operate, manage, possess, or control the Arco Alaska, and thus could not be held liable for Marmion's accidental death. Reacting to Atlantic Richfield's motion for summary judgment, Kilkenny moved to vacate the dismissal of the second action pursuant to rule 60(b), Fed.R.Civ.P., but the district judge that had dismissed the second action denied the motion. On July 24, 1985, Kilkenny filed an amended complaint in the first action, adding Arco Marine and Arch Tankers as defendants.
 
 
 5
 The district court heard oral argument on Atlantic Richfield's motion for summary judgment in the first action and granted the motion. Arco Marine and Arch Tankers then filed a motion to dismiss the amended complaint in the first action pursuant to rule 12, Fed.R.Civ.P., contending that the amended complaint was barred by the three-year statute of limitations that applies to actions under the Jones Act, see 46 U.S.C. Sec. 688; 45 U.S.C. Sec. 56, and that the amended complaint did not "relate back" to the date of the original complaint as required by rule 15(c), Fed.R.Civ.P. The district judge found that Kilkenny knew the identity of the proper defendants before the statute of limitations expired, that the failure to amend the original complaint prior to the expiration of the limitations period was not the result of a mistake concerning the identity of the proper defendants, and, as a result, that the amended complaint did not relate back to the filing of the original complaint and thus was barred by the statute of limitations. The district judge therefore granted Arco Marine's and Arch Tankers's motion to dismiss the amended complaint. The action was subsequently dismissed.
 
 II
 
 6
 We first consider whether we have jurisdiction to consider this appeal. The district court's entry of summary judgment against Kilkenny and in favor of Atlantic Richfield was not a final order because parties to the action remained. After orally granting Arco Marine's and Arch Tankers's motion to dismiss, and entering findings of fact and conclusions of law dismissing Kilkenny's amended complaint, the district judge failed to enter a final order dismissing the action. "Ordinarily an order dismissing a complaint but not dismissing the action is not appealable under section 1291 unless circumstances make it clear that the court concluded that the action could not be saved by any amendment of the complaint. If it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable." Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984) (citation omitted). The district judge made it very clear that Atlantic Richfield was not a proper party to the action and that Kilkenny now is unable to amend her complaint to add the proper parties. We conclude therefore that we should treat the district court's order dismissing Kilkenny's amended complaint as a final order dismissing the action and that we have jurisdiction to consider this appeal pursuant to 28 U.S.C. Sec. 1291.
 
 III
 
 7
 Kilkenny does not dispute the district court's determination that she filed the amended complaint after the three-year statute of limitations period had expired. She contends that the district court erred in concluding that the amended complaint did not relate back to the filing of the original complaint. We review the district court's decision that the amended complaint did not relate back for abuse of discretion. See Korn v. Royal Caribbean Cruise Line, Inc., 724 F.2d 1397, 1399 (9th Cir.1984) (Korn).
 
 A.
 
 8
 Because the statute of limitations period expired prior to Kilkenny's filing of the amended complaint, rule 15(c), Fed.R.Civ.P.,[1] is the only procedural avenue by which Kilkenny's original complaint may be amended to add additional parties. Korn, 724 F.2d at 1399. The Supreme Court recently identified four criteria that must be met in order for an amendment naming additional parties to relate back to the filing of an original pleading pursuant to rule 15(c):
 
 
 9
 (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
 
 
 10
 Schiavone v. Fortune, aka Time, Inc., --- U.S. ----, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) (Schiavone ). Arco Marine and Arch Tankers concede that Kilkenny has met the first two requirements. We are concerned only with the third and fourth requirements.
 
 
 11
 The district judge found, based on the fact that Atlantic Richfield provided Kilkenny with the names of Arco Marine and Arch Tankers as potential defendants in its answer to the initial complaint and on the fact that Kilkenny named them in her second action, that Kilkenny was not mistaken concerning the identity of the proper parties. Kilkenny contends, however, that the district judge erred in failing to limit his inquiry of whether she was mistaken concerning the identity of the proper defendants to the time of the filing of her original complaint. We agree with Kilkenny that the "would have been brought against him" language of rule 15(c) suggests that our inquiry regarding the existence of a mistake of identity should be limited to her state of mind as of the time the initial complaint is filed. See also Fed.R.Civ.P. 15 advisory committee note (amendment relates back if party "knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party") (emphasis added).
 
 
 12
 The district judge did not err, however, in concluding that the amended complaint did not relate back to the filing of the original complaint based on the information Kilkenny received during the limitations period of the proper parties. In Schiavone, the Supreme Court rejected the argument that, for rule 15(c) purposes, notice of a claim need not be received by the party that plaintiff seeks to add by way of amendment prior to the expiration of the relevant statute of limitations period. The Court emphasized that under rule 15(c), "the emphasis is upon 'the period provided by law for commencing the action against' the defendant." 106 S.Ct. at 2385, quoting Fed.R.Civ.P. 15(c). The Court specifically concluded that in order for an amendment to relate back under rule 15(c), the party to be brought in must have known or should have known, within the relevant statute of limitations period, that, but for a mistake concerning identity, the action would have been brought against it. See id. at 2384-85. The critical inquiry therefore is whether Arco Marine and Arch Tankers knew or should have known, within the statute of limitations period, that, but for a mistake, Kilkenny would have named them as defendants in the original complaint.
 
 B.
 
 13
 The extent of information Kilkenny received from Arco Marine and Arch Tankers as potential defendants after filing her original complaint and before the limitations period expired is relevant to the determination of whether Arco Marine and Arch Tankers knew or should have known during the limitations period that they would have been named in the initial complaint but for a mistake of identity. For example, in Upshaw v. Equitable Life Assurance Society, 85 F.R.D. 674 (E.D.Ark.1980), the plaintiff received notice from the named defendant's answer to his complaint of the existence of an additional indispensable defendant two months after filing his complaint, but did not attempt to add the additional defendant until after the applicable statute of limitations had expired. Id. at 675. The court concluded that the previously unnamed defendant
 
 
 14
 should not, in the face of the plaintiff's inaction during the limitations period, be held thereafter to know that but for a mistake in identity it would be joined as a party, particularly when [the named defendant] had informed the plaintiff of the proper party and noted its indispensability well before the limitations period had run.
 
 
 15
 Id. at 678. A plaintiff's failure to amend its complaint to add a defendant after being notified of a mistake concerning the identity of a proper party therefore may cause the unnamed party to conclude that it was not named because of strategic reasons rather than as a result of the plaintiff's mistake. See, e.g., Unicure, Inc. v. Thurman, 97 F.R.D. 1, 6 (W.D.N.Y.1982) (Unicure ); Rogatz v. Hospital General San Carlos, Inc., 89 F.R.D. 298, 301 (D.P.R.1980); Gutierrez v. Raymond International, Inc., 86 F.R.D. 684, 685 (S.D.Tex.1980) (Gutierrez ).
 
 
 16
 Atlantic Richfield notified Kilkenny that Arco Marine and Arch Tankers were potential defendants three weeks after Kilkenny filed her original complaint. Kilkenny never attempted to amend her complaint to add Arco Marine and Arch Tankers as defendants before the three-year statute of limitations period expired in December 1984. Kilkenny obviously knew that Arco Marine and Arch Tankers were potential defendants because she named them in her complaint in the second action. No effort was made to amend the complaint even during the nine-month period after the second action was dismissed and before the statute of limitations ran. Kilkenny may have been mistaken as to the identity of the proper defendants at the time she filed the original complaint, but that is not the critical inquiry under rule 15(c). We are concerned with what Arco Marine and Arch Tankers knew or should have known during the limitations period. Because Kilkenny failed to amend her complaint after being informed that Arco Marine and Arch Tankers were potential defendants and failed to prosecute the second action in which they were properly named, we conclude that Arco Marine and Arch Tankers cannot be found to have known during the relevant limitations period that they were not named as defendants in the initial complaint due to mistake.
 
 
 17
 Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation. Unicure, 97 F.R.D. at 6; Gutierrez, 86 F.R.D. at 685-86.
 
 
 18
 The district court's finding that Kilkenny was not mistaken as to the proper parties during the limitations period amply supports our conclusion that Arco Marine and Arch Tankers lacked the requisite knowledge under rule 15(c). We conclude that the district court did not abuse its discretion in concluding that Kilkenny's amended complaint did not relate back to the filing of the original complaint. Therefore, the district court did not err in dismissing the amended complaint.
 
 IV
 
 19
 Kilkenny next argues that the district court erred in granting summary judgment in favor of Atlantic Richfield. We review the district court's entry of summary judgment de novo and will affirm if, after reviewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Continental Casualty Co. v. City of Richmond, 763 F.2d 1076, 1078-79 (9th Cir.1985); Nevada v. United States, 731 F.2d 633, 635 (9th Cir.1984).
 
 
 20
 In the district court, Kilkenny advanced two legal theories as a basis for recovery against Atlantic Richfield: first, that Atlantic Richfield owned, operated, managed, possessed, and controlled the Arco Alaska; and second, that Atlantic Richfield so dominated Arco Marine and Arch Tankers that the court should "pierce the corporate veil" to impose liability on Atlantic Richfield. At oral argument, Kilkenny attempted to argue vicarious liability as a third basis for recovery. We do not consider, absent exceptional circumstances, arguments raised for the first time on appeal. See Villar v. Crowley Maritime Corp., 782 F.2d 1478, 1483 (9th Cir.1986). We do not decide whether there could have been a genuine issue of material fact with respect to a claim of vicarious liability.
 
 
 21
 In support of its motion for summary judgment, Atlantic Richfield introduced the Arco Alaska's certificate of registry which listed Arch Tankers as the owner of the vessel; a declaration by the assistant secretary of Atlantic Richfield stating that Atlantic Richfield did not own or operate the Arco Alaska or employ anyone who worked on the vessel; and a declaration by the assistant secretary of Arco Marine stating that Arco Marine was earlier called Arch Tankers and that Arco Marine owned, operated, and managed the Arco Alaska and employed all individuals who rendered services on behalf of the vessel.
 
 
 22
 In opposition to Atlantic Richfield's motion for summary judgment, Kilkenny introduced a report of Marmion's accident prepared by a Coast Guard investigating officer listing Atlantic Richfield as the operator of the Arco Alaska; letters from the manager of Atlantic Richfield's Marine Transportation Division advising Hale, one of those charged with negligence which resulted in Marmion's death, of his selection as a chief engineer and of his work assignment on a different vessel; an order for and invoices for maintenance work on the Arco Alaska billed to "Atlantic Richfield Company, Marine Department," "Arco," and "Arco Marine Dept."; disbursement vouchers from Atlantic Richfield representing payment for maintenance work on the Arco Alaska; testimony of two Arco Alaska crewmen stating that they worked for "Arco" and "Atlantic Richfield, Long Beach, California" respectively; and an inspection report listing Atlantic Richfield as the operator of the Arco Alaska.
 
 A.
 
 23
 We first determine whether these facts present a genuine issue of material fact with respect to Kilkenny's argument that Atlantic Richfield owned and operated the Arco Alaska. The Arco Alaska's certificate of registry lists Arch Tankers as the owner, and the Coast Guard report and the inspection report list "Arco Tankers, Inc." as the owner. We are not persuaded that the maintenance invoices and disbursement vouchers suggest a contrary conclusion. We conclude therefore that there is no genuine issue of material fact concerning the ownership of the Arco Alaska.
 
 
 24
 We next consider whether there is a genuine issue of material fact concerning Atlantic Richfield's involvement in the operation and management of the Arco Alaska. Kilkenny relies on the Coast Guard report and the inspection report, both of which list Atlantic Richfield as the "operator" of the Arco Alaska, to demonstrate a genuine issue of material fact. In neither the Coast Guard report nor the inspection report, however, was the technical question of corporate identity of critical concern. The testimony of the two crewmen also does not reflect consideration of the separate corporate identities or management of Atlantic Richfield and Arco Marine. We conclude that the evidence presented by Kilkenny fails to raise a genuine issue of material fact concerning whether Atlantic Richfield was involved in the operation and management of the Arco Alaska.
 
 B.
 
 25
 Kilkenny also contends that her second theory of recovery based on the alter ego doctrine of corporate liability presented a genuine issue of material fact. We disagree. The alter ego doctrine requires that the controlling corporate entity exercise " 'total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.' " Baker v. Raymond International, Inc., 656 F.2d 173, 181 (5th Cir.1981), cert. denied, 456 U.S. 983, 102 S.Ct. 2256, 72 L.Ed.2d 861 (1982), quoting Krivo Industrial Supply Co. v. National Distillers & Chemical Corp., 483 F.2d 1098, 1106 (5th Cir.1973), reh'g denied, 490 F.2d 916 (5th Cir.1974). Corporate separateness is respected unless doing so would work injustice upon an innocent third party. Edwin K. Williams & Co. v. Edwin K. Williams & Co.-East, 542 F.2d 1053, 1063 (9th Cir.1976), cert. denied, 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977); see Laborers Clean-up Contract Admin. Trust Fund v. Uriarte Clean-up Service, Inc., 736 F.2d 516, 524-25 (9th Cir.1984).
 
 
 26
 The only facts set forth by Kilkenny in support of her alter ego argument were that some of Arco Marine's expenses were paid through Atlantic Richfield, that two crew members of the Arco Alaska stated they were employees of "Arco" and "Atlantic Richfield, Long Beach, California," and that the business of the Arco Alaska consisted of transporting products on behalf of a division of Atlantic Richfield. We conclude that these facts do not approximate the required proof of total domination of the subservient corporation by the controlling corporation and thus do not present a genuine issue of material fact concerning whether Arco Marine is an alter ego of Atlantic Richfield. Moreover, Atlantic Richfield, Arco Marine, and Arch Tankers have not attempted to mislead Kilkenny as to the proper corporate entity to be named in her complaint. Any injustice that might occur results from Kilkenny's inexcusable failure to heed Atlantic Richfield's disclosure of the proper party during the limitations period rather than from the forms of corporate organization and management adopted by the defendants.
 
 
 27
 AFFIRMED.
 
 CANBY, Circuit Judge (dissenting in part):
 
 28
 I understand the appeal of the majority's decision that Rule 15(c) is not to be brought to the aid of an attorney who inexplicably fails to correct a pleading within a reasonable time after being notified that he has sued the wrong party. But the result is a harsh one for the client, and it is dictated neither by the Rule nor by the Supreme Court's decision in Schiavone v. Fortune, --- U.S. ----, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). There is no suggestion of prejudice to the new defendants. I therefore would permit the relation back.
 
 
 29
 The books are replete with cases in which a court finds itself required to reach a harsh result, based on a technicality, because the express language of a rule or statute permits no other outcome. See, e.g., Schiavone, 106 S.Ct. at 2385. Here, however, the language of the Rule favors the more humane and equitable result. I would not resist it.
 
 Rule 15(c) provides for relation back if:
 
 30
 within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
 
 
 31
 There is no question in this case that Arco Marine and Arch Tankers had sufficient notice of the action that their defense of the merits would not be prejudiced. There is also no question that they received that notice within the applicable limitations period. All of the elements of requirement (1) of Rule 15(c) were therefore met. The majority opinion concedes as much.
 
 
 32
 There can also be little question that Arco Marine and Arch Tankers knew, within a short time after the action was commenced, that a mistake had been made and that they should have been named as parties defendant. The majority opinion holds, however, that requirement (2) of Rule 15(c) has not been fully met because Arco Marine and Arch Tankers did not know of this mistake "within the prescribed limitations period," as required by Schiavone, 106 S.Ct. at 2384. That result can be reached only by a most unlikely interpretation of the Rule and of the Schiavone gloss upon it.
 
 
 33
 Schiavone dealt with a situation in which neither the "right" nor the "wrong" defendant was given notice of the commencement of the action or of the mistake in identity until after limitations has run. Here, however, notice of the action and of the mistake was given to Arco Marine and Arch Tankers long before limitations had expired. The majority opinion seems to agree that if an amendment had been made promptly, it would have related back; all of the conditions had been met.
 
 
 34
 What the majority seems to be holding in practical effect is that knowledge of a mistake, once timely gained, may be unlearned if the plaintiff permits an undue amount of time to pass before amending. The requirement of Schiavone that the new defendants know of the mistake "within the prescribed period" is changed to a requirement that the new defendants know of the mistake all during the prescribed limitations period. The majority states that Arco Marine and Arch Tankers are entitled to conclude, after a period of delay, that they were omitted not because of mistake, but for some tactical reason. There is no suggestion what the tactical reason might be. If it was to forum-shop by the bringing of a separate action, that reason appeared long after the original mistake was apparent and terminated long before limitations ran.
 
 
 35
 It is clear here what the claim was and who should have been sued, and these facts were known to all parties, old and new, within weeks after the complaint was filed. There is no reason not to permit the action to continue against the proper defendants, as the Rule permits. The intentions were manifest when the action was commenced; the Rules should be applied to facilitate a decision on the merits. See Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962). I therefore dissent from the majority's refusal to permit a relation back.
 
 
 36
 In all other respects, I concur in the majority opinion.
 
 
 
 [1]
 Rule 15(c) provides that
 [a]n amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.