963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONNECTICUT BANK AND TRUST COMPANY, Plaintiff,
v.
US FLAG VESSEL "MONTEREY," Defendant,
and
OY WARTSILA AB, Defendant-Counter-Claimant-Appellee,
v.
WILMINGTON TRUST COMPANY, Trustee on behalf of the
International Organization of Masters, Mates & Pilots; The
International Organization of Masters, Mates and Pilots,
Plaintiffs-Counter-Claimants-Appellants.
 No. 91-15911.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1992.
Decided May 14, 1992.
As Amended June 4, 1992.
 
 Before CHAMBERS, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Connecticut Bank and Trust Company brought an action in district court in Hawaii on behalf of Wartsila Marine, a subsidiary of Oy Wartsila Ab, to foreclose on a preferred ship mortgage on the S.S. Monterey. Eventually, the International Organization of Masters, Mates & Pilots filed a claim and asserted RICO, ERISA, and state tort counterclaims against Connecticut Bank, Wartsila Marine, and Oy Wartsila. The district court dismissed MM & P's claims against Oy Wartsila for lack of personal jurisdiction. MM & P appeals, arguing that the district court misunderstood the burden of proof; a prima facie showing was made that Wartsila Marine was the alter ego of Oy Wartsila; and that the district court abused its discretion in denying MM & P's motion to compel Oy Wartsila to make an officer available for deposition at Oy Wartsila's expense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 * MM & P argues that the district court improperly required it to "prove" personal jurisdiction rather than merely make a prima facie showing. See Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir.1987) (when district court elects to make personal jurisdiction determination based only on affidavits and other materials from discovery, without evidentiary hearing, nonmoving party must merely make prima facie showing of personal jurisdiction to defeat motion to dismiss). The district court recognized that Data Disc controlled, however, and correctly applied it.
 
 
 4
 We see nothing in the court's order which suggests that it resolved factual disputes or weighed the evidence; rather, it considered MM & P's evidence that Wartsila Marine was poorly funded, was undercapitalized, and was 70% owned by Oy Wartsila, and concluded that this evidence does not support a finding of alter ego. MM & P cites the court's findings that the auditor's report "does not necessarily render the undercapitalization fraudulent," ownership "is not solely determinative," and MM & P "has not shown that Wartsila Marine is the alter ego of Cy Wartsila Ab" as indicating that it held MM & P to the burden of persuasion. We disagree that these phrases connote anything more than the district court's conclusion that the evidence adduced by MM & P did not make out the requisite prima facie case.
 
 
 5
 MM & P also argues that the undercapitalization of Wartsila Marine goes to the merits of its fraud claim against Oy Wartsila and therefore should be deferred to trial. See Data Disc, 557 F.2d at 1285 n. 2. The district court properly required MM & P first to make a prima facie showing; in the absence of a prima facie case, it was free to determine its jurisdiction pretrial. See id.
 
 II
 
 6
 The court had previously held that Wartsila Marine was subject to its jurisdiction,[1] and it held in the order being appealed that Oy Wartsila had no independent contacts with the state of Hawaii. Therefore, its analysis focused on whether Wartsila Marine is the alter ego of Oy Wartsila.
 
 
 7
 MM & P argues that the court's jurisdiction over Wartsila Marine confers jurisdiction over Wartsila Marine's controlling shareholder and alter ego, Oy Wartsila. See Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir.1984). We agree with the district court that MM & P's evidence does not measure up.
 
 
 8
 Factors to be considered include "the amount of respect given to the separate identity of the corporation by its shareholders, the fraudulent intent of the incorporators, and the degree of injustice visited on the litigants by recognition of the corporate entity." Orloff v. Allman, 819 F.2d 904, 909 (9th Cir.1987) (quoting Laborers Clean-up Contract Admin. Trust Fund v. Uriarte Clean-up Serv., Inc., 736 F.2d 516, 524 (9th Cir.1984), and applying its test in the federal securities context). "The alter ego doctrine requires that the controlling corporate entity exercise 'total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.' " Kilkenny v. Arco Marine Inc., 800 F.2d 853, 859 (9th Cir.1986) (quoting Fifth Circuit opinions), cert. denied, 480 U.S. 934 (1987); see also Chung v. Animal Clinic, Inc., 636 P.2d 721, 723 (Haw.1981).
 
 
 9
 Even assuming that Wartsila Marine had negative net worth at its inception, there is no substantial evidence that Wartsila Marine's assets were inadequate to carry on its business, so that it was undercapitalized for purposes of assessing alter ego liability. See Laborers Clean-up, 736 F.2d at 524 (quoting N. Lattin, Lattin on Corporations § 15(a) at 77 (2d ed. 1971)). Evidence that Wartsila Marine is 70% owned by Oy Wartsila, that Oy Wartsila appointed four of its six directors, that its annual reports were consistently dim, and that, in an Helsinki complaint, Wartsila Marine accused Oy Wartsila of organizing it solely to cabin off Oy Wartsila's risky shipbuilding operations do not amount to a showing of "total domination" by Oy Wartsila over Wartsila Marine. Kilkenny, 800 F.2d at 859. Nor does MM & P's evidence show that the underfunding was fraudulent. The district court relied on all these factors and we cannot say it erred in concluding they are inadequate to support a finding that the corporate veil should be pierced.
 
 III
 
 10
 MM & P argues that the district court erred in denying its motion to compel the deposition of Oy Wartsila's managing director Klaus Gronberg at Oy Wartsila's expense. We review discovery rulings for abuse of discretion, Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 619 (9th Cir.1988), and we will not disturb a district court's decision to deny discovery absent "the clearest showing that denial of discovery results in actual and substantial prejudice." Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir.1986) (quoting Data Disc, 557 F.2d at 1285 n. 1). We find no abuse, because MM & P has offered nothing more than speculation that deposing Gronberg would help demonstrate a sufficient basis to establish the court's personal jurisdiction. Id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Oy Wartsila and Wartsila Marine dispute that decision, but it is unnecessary for us to reach it as we conclude in any event that the district court correctly declined to exercise in personam jurisdiction on an alter ego theory