95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William SCHENCK, Plaintiff-Appellant,
v.
Mary Lou WHALEN; Russell Bartlett; G. Edwards, Lt.; D.
McGilly, Lt.; Tana Wood, Defendants-Appellees.
 No. 95-35953.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner William Schenck appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint alleging that defendants violated his procedural due process rights by downgrading his institutional level from minimum to medium status. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review de novo a district court's Fed.R.Civ.P. 12(b)(6) dismissal. Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). Before dismissing a pro se litigant's complaint, a district court must afford the litigant an opportunity to cure deficiencies in his complaint unless amendment would be futile. See id. at 1448.
 
 
 4
 Schenck contends that the district court erred by dismissing his due process claim without affording him an opportunity to cure his deficiencies by amendment. This contention lacks merit.
 
 
 5
 To state a cognizable due process claim under section 1983, an inmate must demonstrate that defendant's alleged unlawful conduct imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 6
 Here, defendants downgraded Schenck's custody level from minimum to medium status before Schenck received a disciplinary hearing for committing several rule infractions. Upon our review of the record, we affirm the dismissal of Schenck's due process claim for the reasons stated in the district court's order filed on September 8, 1995. Nothing in the record, either in Schenck's amended complaint or his opposition to defendant's post-Sandin motion to dismiss, indicates that the conditions in medium confinement imposes an atypical and significant hardship on Schenck in relation to the ordinary incidents of prison life. See id.
 
 
 7
 Because Schenck could not state a cognizable due process claim, the district court properly dismissed his amended complaint without leave to amend. See Noll, 809 F.2d at 1448.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the circumstances in this case indicate that the district court intended the dismissal of Schenck's complaint to dispose of the entire action, we have jurisdiction to consider this appeal. See Kilkenny v. Arco Marine Inc., 800 F.2d 853, 855 (9th Cir.1986), cert. denied, 480 U.S. 934 (1987)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal