Leonard v. Parry                    CV-98-042-M   07/22/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Mitchell Leonard,
        Plaintiff

        v.                                          Civil No. 98-42-M

Kay Parry,
        Defendant


## O R D E R


On February 28, 1995, while driving North on Route 10 in Lebanon, New Hampshire, Kay Parry lost control of the Jeep she was driving and collided with Mitchell Leonard's car.  Parry had apparently borrowed the Jeep from a friend who had, in turn, borrowed the vehicle from her mother, Maureen Boulanger.  Leonard and his daughter Jade sustained injuries in the accident.  This suit was eventually filed when, approximately one month prior to the expiration of the applicable statute of limitations, Leonard sued Raymond Boulanger, the holder of the insurance policy on the Jeep Parry was driving at the time of the accident.  While it is conceivable that Leonard might have had some common law claim against Boulanger (e.g., negligent entrustment), his complaint was drafted in a way that suggests that he assumed Boulanger was the driver at the time of the accident.  On March 13, 1998, Leonard sought leave to amend his complaint, to name Parry (the operator at the time of the accident) as the defendant.

The court granted Leonard's motion to amend, but without prejudice to Parry's right to file an appropriate motion to reconsider and/or to dismiss based upon the applicable statute of limitations. Pending before the court is Parry's motion to dismiss.

## Background

Approximately 10 months after the accident, in December of 1995, Leonard retained an attorney who contacted United Services Automobile Association, the company which issued the policy insuring Boulanger's Jeep. The insurance company apparently confirmed that Parry was an authorized driver of the vehicle and, therefore, represented that its policy covered claims for damages Leonard and his daughter might assert as a result of the accident. Counsel for the insurance company and Leonard then entered into discussions and eventually settled claims asserted by Jade Leonard, plaintiff's daughter. They were not, however, able to resolve plaintiff's claims.

Initially, it appears that both the insurance company and Leonard mistakenly assumed that Boulanger was the operator of the Jeep which struck Leonard's car, resulting in the injuries to Jade Leonard. Such a mutual mistake would explain why, when a case was opened in probate court (to obtain judicial approval of the proposed settlement of the minor's claims), it was captioned

2

<u>Jade Leonard v. Raymond Boulanger</u>.[1]  Subsequently, the parties
executed settlement documents and related releases, by which Mr.
and Mrs. Leonard, acting as parents of Jade Leonard, released
Boulanger from any future claims relating to the accident.

When the parties were unable to settle Mr. Leonard's claims,
he sued Raymond Boulanger.  A few weeks later, on February 13,
1998 (prior to the expiration of the applicable limitations
period), counsel for the insurance company spoke to Leonard's
counsel and disclosed the fact that the settlement documents
relating to Jade's claims had to be amended, to include releases
of Maureen Boulanger (the car's owner) and Kay Parry (the
operator at the time of the accident).  On the same day, counsel
for the insurance company followed-up on that conversation with a
letter, again notifying plaintiff's counsel that Kay Parry, not
Raymond Boulanger, was the driver of the vehicle involved in the
accident.  Thus, as of February 13, 1998 (at the very latest),
plaintiff knew or should have known that he had named the wrong
party as defendant in his lawsuit (at least to the extent that he
intended to pursue the driver of the Jeep, rather than the
person(s) who let her borrow it).

---

[1]      Of course, it was not entirely unreasonable to caption
the case in that fashion.  At that time, plaintiff had not
instituted any formal litigation as a result of the accident.
And, as noted above, it was entirely conceivable that if and when
he decided to file suit for damages arising out of the accident
(on his own or his daughter's behalf), Leonard might elect to
name Boulanger and/or Boulanger's wife (the car's owner) as
defendant(s) and assert a theory of negligent entrustment.

On March 2, 1998, two days after the applicable statute of limitations had run, Raymond Boulanger filed a motion to dismiss, asserting that the court lacked personal jurisdiction over him. Plaintiff objected and, perhaps now realizing that he named the wrong defendant, moved to amend his complaint to name Parry as a defendant. Parry now moves to dismiss plaintiff's claims against her as barred by the applicable statute of limitations. Leonard objects, asserting that, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, his amended complaint "relates back" to the date on which he filed his original and timely complaint against Boulanger. Accordingly, he says that his claims against Parry are not time barred.

**Discussion**

It is undisputed that Leonard filed his motion to amend the complaint (to name Parry as the proper defendant) after the applicable statute of limitations had lapsed. "When a plaintiff amends a complaint to add a defendant, but the plaintiff does so <u>subsequent</u> to the running of the relevant statute of limitations, then Rule 15(c)(3) controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." <u>Wilson v. U.S. Government</u>, 23 F.3d 559, 562 (1st Cir. 1994) (emphasis in original). The relevant portions of Rule 15(c) provide as follows:

**Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . . .

    (2)    the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

    (3)    the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Thus, in order to avail himself of the protections afforded by Rule 15(c)(3) and name a new defendant in this action, Leonard must demonstrate three things: first, that the claims against Parry "arose out of the conduct" set forth in the original complaint against Boulanger; second, that Parry had actual notice of the institution of the action against her within 120 days of the filing of the original complaint such that she would not be prejudiced in maintaining a defense; and, finally, that Parry knew or should have known that, but for a mistake concerning the naming of Boulanger as defendant in the original action, she would have been named as defendant.

5

Parry does not dispute that the first element has been met; plainly, the claims asserted against her arise out of the same conduct alleged in the original complaint against Boulanger - the motor vehicle accident on February 28, 1995.  As to the second element, Parry cannot deny that she received notice of the suit when she was served with a summons, within 120 days after Leonard filed his original complaint against Boulanger (the return of service shows that she was served on May 25, 1998, which was 118 days after Leonard filed his original complaint).  She does, however, assert (weakly and without much elaboration) that the delay in notifying her of the claims against her has prejudiced her ability to defend against them.[2]

The substance of Parry's objection, however, turns on her assertion that she neither knew, nor should have known, that but for a mistake concerning the naming of Boulanger as defendant in the original action, she would have been named as defendant.[3]

_____

[2]    Parry generally alleges that she "will suffer prejudice from the Plaintiff's error, as accident reconstruction and memories will [be] impaired."  Defendant's memorandum in support of her motion to dismiss (submitted with document no. 14) at 4.

[3]    Because it is entirely possible that Leonard could have sued Raymond Boulanger on a theory of negligent entrustment, Parry might legitimately claim that she believed that she had not been sued (within the limitations period) as a result of a purposeful tactical decision made by Leonard, rather than an error in identifying the driver of the Jeep.  See, e.g., Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1183 (3rd Cir. 1994); Keller v. Prince George's County, 923 F.2d 30, 34 (4th Cir. 1991); Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 103 (1st Cir. 1979).

Additionally, Parry asserts that Leonard had actual notice, before the statute of limitations had lapsed, that he had sued the "wrong" party.  And, Parry says, 15(c) cannot be employed to protect a plaintiff who ignores or fails to respond in a reasonable and timely fashion to notice that he or she has sued an inappropriate party.  Stated another way, Parry asserts that Rule 15(c) is not intended to permit the untimely addition of a new defendant when the plaintiff knew of that defendant (as well as his or her potential liability) before the pertinent statute of limitations had run.

The United States District Court for the District of Arizona recently addressed the circumstances under which a party may avail itself of the protections of Rule 15(c).  In a detailed and thoughtful discussion, the court made the following observations:

> The cases in which a plaintiff seeks to add a defendant after the statute of limitations has run follow three patterns.  In one situation, the plaintiff is aware of the potential defendant's identity at the time the original complaint is filed but is uncertain whether the potential defendant may be found liable.  In the second situation, the plaintiff is unaware of a potential defendant or its identity at the time the complaint is filed, learns of the potential defendant within the time established in the statute of limitations, but seeks to add only after the statute of limitations has expired.
>
> In these two situations, the plaintiff's failure to add the defendant(s) before the expiration of the statute of limitations cannot be characterized as a "mistake concerning . . . identity" because the plaintiff was

7

aware of the new party's identity before the statute of limitations had run.

Brink v. First Credit Resources, ___ F.Supp.2d ___, 1999 WL 498601 at *6 (D.Ariz. June 12, 1999) (citations omitted). Perhaps the most frequently cited opinion for this proposition is Kilkenny v. Arco Marine Inc., 800 F.2d 853 (9th Cir. 1986), in which the court of appeals concluded, among other things, that: "Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a timely fashion to notice of a potential party." Id., at 857-58. A number of courts have adopted this interpretation of Rule 15(c). See, e.g., Potts v. Allis-Chalmers Corp., 118 F.R.D. 597, 608-09 (N.D. Ind. 1987) ("A plaintiff's failure to amend its complaint after being notified of a mistake concerning the proper party's identity may lead the unnamed party to conclude that the plaintiff is acting on grounds of strategy, rather than mistake. . . . The [plaintiff] was or should have been fully aware that International was a proper party to this litigation long before the statute of limitations ran.").

Accordingly, "the relevant inquiry focuses on when the plaintiff first had notice of the defendant's correct identity." In re Syntex Corp. Securities Litigation, 855 F.Supp. 1086, 1099 (N.D.Cal. 1994). Typically, if a plaintiff knew (or, through the exercise of reasonable diligence, could have known) the identity of the proper defendant within the pertinent limitations period, but waited until after that period lapsed before seeking to add

8

that defendant, he cannot avail himself of the protections of Rule 15(c). See, e.g., Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 981 (1st Cir. 1991) ("Given that the [defendant's] identify could have been, and ultimately was, determined from the police report, . . . we think the record supports the district court's conclusion that [plaintiff's] delay in naming [defendant] was undue.").

Here, neither plaintiff nor his counsel has endeavored to explain why he sued Mr. Boulanger and erroneously identified him as the driver of the Jeep. It appears that it may have been a matter of simple oversight in drafting. Nevertheless, the identity of the driver and alleged tortfeasor (Parry) was, if not known to plaintiff, readily discoverable. Plaintiff certainly recognized, at the scene of the accident, that the Jeep was operated by a young woman and not a man many years her senior (her friend's father). Moreover, the police reports prepared by the responding officer plainly reveal that Parry was operating the Jeep and, by implication, that Boulanger was not even in the vehicle. In fact, those reports document the fact that Parry made several admissions to the officer, acknowledging that the accident was caused by her own inability to maintain control of the Jeep. See, e.g., Exhibit A to plaintiff's objection (document no. 15), Traffic Accident Report ("Based on the statement[s] of Ms. Parry and Mr. Leonard, there is no question that Parry was at fault for not maintaining control of her car,

9

and traveling at an unreasonable rate of speed for the conditions existing."). See also Exhibit B, Uniform Statement Form completed by Kay Parry ("I was driving North on Route 10 toward Hanover. There was one car in front of me. [My] car began to fishtail right, then it went left & then right again. Then it went left & into the other lane. I saw the other car but was unable to avoid it.").

In any event, on February 13, 1998 (prior to expiration of the applicable statute of limitations) plaintiff received actual notice (from counsel for the insurance carrier) that he had erroneously assumed that Mr. Boulanger was operating the Jeep at the time of the accident. By then, at the very latest, plaintiff must be charged with knowledge that any negligence claims against the driver of the Jeep would have to be brought against Parry, the actual driver, and not Boulanger, the policy holder. Nevertheless, plaintiff did not sue Parry or file his motion to amend (by which he sought to substitute Parry as defendant) until after the statute of limitations had run. And, as the Court of Appeals for the District of Columbia Circuit has held:

> In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not merely by invoking Rule 15(c), avoid the consequences of her earlier oversight.

Rendall-Speranza v. Nassim, 107 F.3d 913, 919 (D.C. Cir. 1997).

10

## Conclusion

Based upon the record before it, the court is constrained to conclude that plaintiff actually knew (and certainly should have known) well before the expiration of the pertinent statute of limitations, that Kay Parry and not Raymond Boulanger was operating the Jeep which collided with his vehicle on February 28, 1995. Not only was plaintiff involved in and a witness to that accident, but the police reports filed shortly thereafter clearly identified Parry as the operator of the Jeep. Moreover, counsel for Boulanger's insurance company specifically notified plaintiff's counsel, prior to expiration of the limitations period, that he was mistaken in assuming that Boulanger, rather than Parry, was driving the Jeep.

Because plaintiff is charged with the knowledge, prior to the expiration of the statute of limitations, that Parry was the driver of the Jeep, his failure to name her as a defendant in a timely fashion cannot be deemed the sort of "mistake in identity" that can be remedied by Rule 15(c)'s relation back. See, e.g., Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) (denying plaintiff's motion to amend pursuant to Rule 15(c) and noting: "Plainly, [plaintiff] knew the identities of the DFY employees who she contended had harassed and discriminated against her. . . . [Plaintiff] was not required to sue them, and her failure to do so in the original complaint, in light of her obvious knowledge and the detailed nature of that pleading's exhibit,

11

must be considered a matter of choice, not mistake."); <u>Wandrey v. Service Business Forms, Inc.</u>, 762 F.Supp. 299, 302 (D. Kansas 1991) ("Thus, where the plaintiff knows the identity of the proper parties within the statutory period, the plaintiff's failure to name these parties represents only a tactical mistake, and there is no mistake in identity [amenable to correction under Rule 15(c)] of which the defendant might have knowledge.").

Accordingly, defendant Parry's motion to dismiss (document no. 14) is granted and the Clerk of the Court shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 22, 1999

cc:  Robin C. Curtiss, Esq.
     John A. Curran, Esq.