**Anita DIAZ, Plaintiff–Appellant,**

v.

**Nancy J. CONNOLLY; Leslie Ishimi; Carlsmith Ball, LLP, Defendants–Appellees.**

No. 08–16170.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2009.

Filed June 1, 2009.

---

Andre Wooten, Esquire, Law Offices of Andre S. Wooten, Honolulu, HI, for Plaintiff–Appellant.

Richard M. Rand, Esquire, Marr Jones & Wang, LLP, Honolulu, HI, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, BYBEE and CALLAHAN, Circuit Judges.

## MEMORANDUM *

The district court properly ruled that Diaz could not add the supervising secretaries for Carlsmith as defendants because she knew of the individuals and their roles in the alleged events when she filed her initial complaint. Thus, her failure to name them was not "a mistake concerning the identity of the proper party." FED.R.CIV.P. 15(c); *see also Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 856 (9th Cir.1986). Because more than ninety days had elapsed between the date of Diaz's right to sue letter and the filing of her Amended Complaint, Diaz's claims against the supervising secretaries were properly dismissed as untimely. 42 U.S.C. § 2000e–5(f)(1).

To prevail on her claim of discrimination in the form of a hostile work environment,[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Although the Amended Complaint may be read as asserting separate claims for discrimination and hostile work environment, we only consider her claim of racial discrimination in the form of a hostile work environment because her briefs on appeal only address that claim. *See* Fed. Rule App. P. 28(a)(9)(A).

Diaz had to allege conduct that was "severe or pervasive enough to create an objectively hostile or abusive work environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Diaz proffered only a single racist comment made by an attorney in 2001. This is insufficient to sustain a claim of a hostile work environment, particularly as Diaz offered no other direct or indirect evidence of racial animus. The district court properly granted summary judgment against Diaz on her hostile work environment claim.

■■■ To prevail on her claim of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) she suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir. 2002). The only "protected activity" alleged by Diaz was her filing of an internal complaint alleging racism in October 2003, which was *after* the allegedly retaliatory assignment to the "bulky files reduction project" in September 2003. Thus, that assignment could not have been in response to her protected activity. Furthermore, Diaz did not present evidence to show that Carlsmith's neutral grounds for disciplining her in November 2003, and terminating her in February 2004, were pretextual. Accordingly, the district court properly granted summary judgment against Diaz on her retaliation claim.

■■■ Finally, to the extent the cursory reference in Diaz's brief to the dismissal of her claim for slander or defamation under Hawaiian law is sufficient to raise the issue on appeal, her argument is not persuasive.[2] Diaz belatedly alleged that she had heard

from a third party that Connolly, one of Carlsmith's supervising secretaries, had told someone else that Diaz had thrown coffee on company documents when Connolly fired her. Diaz's allegation is hearsay and will not defeat an otherwise compelling motion for summary judgment. *See Kaiser Cement Corp. v. Fischbach & Moore,* 793 F.2d 1100, 1104 (9th Cir.1986).

For the foregoing reasons, the district court's grant of summary judgment against Diaz is **AFFIRMED.**

---

2. *See Humble v. Boeing Co.,* 305 F.3d 1004, 1012 (9th Cir.2002) ("Issues raised in a brief but not supported by argument are deemed abandoned absent manifest injustice.").