**NOT FOR PUBLICATION**

FILED

APR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People's Republic of China; et al.,<br><br>Defendants-Appellees. | No.  18-35118<br><br>D.C. No. 2:17-cv-00912-MJP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted April 8, 2019**
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

G.O. America Shipping Company, Inc. ("G.O.") owns a vessel that needed some repairs. In February 2016, the vessel docked at facilities in Shanghai, China operated by China Shipping Industry ("Shanghai Changxing"). G.O. alleges that the amount demanded by Shanghai Changxing for repairs has increased several fold and G.O. still has not managed to get the vessel released. G.O. commenced this action in the United States District Court for the Western District of Washington by filing a request for a maritime writ of attachment on three vessels owned by "COSCO" corporations that docked, or were scheduled to dock, within the Western District. Although the district court initially issued a writ, it later dismissed the action holding that G.O. had failed to make sufficient factual allegations to support its claim that the COSCO corporations that owned the vessels were the alter egos of Shanghai Changxing. The court also awarded defendants $90,000 in costs. G.O. appeals challenging both the dismissal and the award of costs. We affirm the dismissal, but vacate the award of costs.

**1.** G.O. has not shown that the district court erred in dismissing the action for failing to allege facts supporting a plausible alter ego claim. G.O. does not deny that the vessels it sought to attach are owned by COSCO Shipping Lines Co., Ltd. ("CSL") or subsidiaries of CSL. We have held that corporate separateness is to be respected and that piercing the corporate veil "requires that the controlling

2

corporate entity exercise total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own." *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294 (9th Cir. 1997) (quoting *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 859 (9th Cir. 1986)). To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). G.O.'s Second Amended Complaint does not contain any factual allegations that would support a determination that CSL, a subsidiary of China COSCO Shipping Corporation Limited ("CCSCL") in its shipping business cluster, is the alter ego of Shanghai Changxing, which is a subsidiary of CCSCL in its industrial business cluster.

**2.** G.O. has not shown that the district court abused its discretion by dismissing certain defendants with prejudice.[1] A denial of leave to amend is reviewed for abuse of discretion. *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). Dismissal without leave to amend is appropriate "where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment

---

[1] The district court, in response to G.O.'s motion for reconsideration changed the dismissal of Shanghai Changxing to without prejudice.

3

would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The factual allegations in the Second Amended Complaint are inadequate to support alter ego claims against the moving defendants, and G.O. has not proffered any additional factual allegations that might support alter ego claims against any of the other shipping defendants. Accordingly, the district court did not abuse its discretion in dismissing all the shipping defendants with prejudice.

**3.** Our decision in *Bunker Holdings Ltd. v. Yang Ming Liberia Corp.*, 906 F.3d 843, 847 (9th Cir. 2018), requires that we vacate the award of $90,000 as the cost of obtaining a bond to secure the release of the attached vessel. In *Bunker Holdings*, we held that a costs award made under the Western District's Local Rule 54(d)(3)(B) was invalid because federal "courts may not award costs beyond those mentioned in 28 U.S.C. § 1920 unless another federal statute authorizes them to do so," and "[p]remiums paid on undertakings or bonds are not included among the six categories of taxable costs mentioned in § 1920." *Id.* We are bound by *Bunker Holdings. See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

The district court's dismissal of this action is affirmed, but the award of costs is vacated. Each side shall bear its own costs.

4